## HOUSING AUTHORITY OF CITY OF DALLAS v. NEALY.

### No. 10085.

Court of Civil Appeals of Texas.
Austin.

Nov. 5, 1952.

Scurry, Scurry & Pace, Dallas, Ethan B. Stroud, Dallas, for appellant.

McKool, McDaniel & Bader, Dallas, Bert Bader and Mike McKool, Dallas, for appellee.

ARCHER, Chief Justice.

This is a condemnation case tried in the County Court of Dallas County, Texas, at Law No. One, to which court the appellee appealed on September 12, 1951, being dissatisfied with the Commissioners' Report awarding damages on the grounds that such award was wholly insufficient and that appellant had no right or power to condemn said property. Pending the appeal in said County Court, the appellant deposited into the court the sum of $4,750, that being the amount of the Commissioners' award, and on the 10th day of September, 1951, obtained possession of appellee's property. The appellant, the Housing Authority of the City of Dallas, sought the appropriation of the whole of appellee's property, and appellee in an amended pleading filed January 24, 1952, in said County Court, admitted appellant's cause of action except as to the amount of damages to which appellee was entitled.

The case was tried before a jury on the 24th and 25th of January, 1952, and the following issue was submitted to the jury:

"What do you find from a preponderance of the evidence was the reasonable market value, as that term is herein defined, on September 10, 1951, of the condemned property in this suit, together with all improvements thereon?"

The jury found in answer to this issue that the market value of appellee's property was $7,250. This verdict was $2,500 more than the Commissioners' award.

The appeal is before this Court on two points:

### First Point

The verdict of the jury in the amount of $7,250 is excessive and clearly the result of inflamed prejudice and unwarranted sympathy.

### Second Point

The Court erred in permitting each of the defendant's witnesses to testify as to the market value of defendant's property based on sales of comparable property, which sales took place subsequent to and after the time that the market value of defendant's land was to be determined.

The property consisted of two lots, one being 60 x 225 feet, and the other being 60 x 250 feet situated on a corner, on all-weather streets, near schools, churches and grocery stores. The improvements consisted of a four-room frame house, which had recently been refinished and wired for electricity, with a butane gas system, and had venetian blinds, and there was a garden with trees etc., a three-fourths completed garage, and a small storage house as well as a chicken house.

968

A. C. Washington placed a value of $8,-306.65.

J. J. Kennemer fixed a value of $8,950.

C. L. Kitchens gave the property a value of $9,350.

These three witnesses were called by the defendant.

The plaintiff had its witness, Dewitt L. Knapp, who gave testimony as to his qualifications and his activities, that he had made an inspection of the Nealy property and fixed a market value of $4,375. E. L. Bale testified as to his qualifications and the factors he took into consideration in his appraisal and arrived at a value of $4,800.

 In the case of Housing Authority of City of Dallas v. Shambry, 252 S.W.2d 963, decided by this Court on this day, we disposed of similar assignments of error as to those assigned herein favorable to the appellees, except as to the item of interest, and we adopt the opinion in that case as determinative of this case without restating our holdings therein.

The judgment of the trial court is affirmed.

Affirmed.

Scurry, Scurry & Pace, Dallas, Ethan B. Stroud, Dallas, for appellant.

McKool, McDaniel & Bader, Dallas, Bert Bader and Mike McKool, Dallas, for appellees.