## HOUSING AUTHORITY OF CITY OF DALLAS v. SUTTON et al.

### No. 10087.

Court of Civil Appeals of Texas. Dallas.

Nov. 5, 1952.

Scurry, Scurry & Pace, Dallas, Ethan B. Stroud, Dallas, for appellant.

McKool, McDaniel & Bader, Dallas, Bert Bader and Mike McKool, Dallas, for appellees.

ARCHER, Chief Justice.

This is a condemnation case tried in the County Court of Dallas County, Texas, at Law No. One, to which court the appellees appealed on July 24, 1951, being dissatisfied with the Commissioners' Report awarding damages on the grounds that such award was wholly insufficient and that appellant had no right or power to condemn said property. Pending the appeal in said County Court, the appellant deposited into the court the sum of $2,650, that being the amount of the Commissioners' award, and on the 22nd day of October, 1951, obtained possession of appellee's property. The appellant, the Housing Authority of the City of Dallas, sought the appropriation of the whole of appellee's property, and appellee in an amended pleading filed on February 15, 1952, in said County Court, admitted appellant's cause of action except as to the amount of damages to which appellees were entitled.

The case was tried before a jury on February 15th and 16th, 1952, and the following issue was submitted to the jury:

"What do you find from a preponderance of the evidence was the reasonable market value, as that term is herein defined, on October 22nd, 1951, of the condemned property in this

suit, together with all improvements thereon?"

The jury found in answer to this issue that the market value of appellee's property was $5,150. This verdict was $2,500 more than the Commissioners' award.

The appeal is before this Court on two points·

### First Point

The verdict of the jury in the amount of $5,150 is excessive and clearly the result of inflamed prejudice and unwarranted sympathy.

### Second Point

The Court erred in permitting each of the defendant's witnesses to testify as to the market value of defendant's property based on sales of comparable property, which sales took place subsequent to and after the time that the market value of defendant's land was to be determined.

The property consisted of a lot 57 feet by 247 feet, located at 3021 Bickers, Dallas, Texas. The improvements consisted of a four-room house, equipped with butane gas, fenced, and had a garden, shade trees and fruit trees. There was a small storage room and a chicken house.

The appellees testified as to the purchase of the property in 1947 for $2,400, and to the placing of dirt on the lot at a cost of $320, that the butane tank cost $200, and as to improvements on the inside of the house at a cost of $500 for materials, a labor cost of $50, and that they did the rest of the work on the house, and that the fencing cost $75.

Witness Kennemer, a real estate dealer, testified that he had made an inspection of the premises; that he had handled many houses for sale, and had made many appraisals within a three year period just prior to his testimony; that property had increased in value, and that in his opinion the property had a reasonable cash market value of $5,640.

Fred McConathy testified that he had built over two hundred houses in the last five years, at least fifty of which were about the same size as the Sutton property, and he placed a value of $5,500 on the premises.

A. C. Washington testified that he had been in the real estate business for twenty years and had sold between twenty and thirty houses in the vicinity of the Sutton property and gave a detailed description of it, and testified as to his qualifications, as an appraiser, and placed a value of $5,140.70 on the property. These witnesses for the defendant were carefully cross examined by the attorney for the plaintiff.

W. C. Miller, a witness for plaintiff, testified concerning his qualifications as an appraiser and as to an inspection of the premises on June 2, 1951, and placed a value of $2,850 on it.

Howard Dunham gave similar testimony to that of Mr. Miller and placed a value of $3,250 on the property.

Wayne Miles testified as to his activities in the construction, real estate, and appraisal business and fixed a value of $2,650.

In the case of Housing Authority of City of Dallas v. Shambry, 252 S.W.2d 963, decided by this Court on this day, we disposed of similar assignments of error as to those assigned herein favorable to the appellees, except as to the item of interest, and we adopt the opinion in that case as determinative of this case without restating our holdings therein.

The judgment of the trial court is affirmed.

Affirmed.