The HOUSING AUTHORITY OF THE CITY OF DALLAS, Appellant,

v.

Sam HUBBARD et ux., Appellees.

No. 14889.

Court of Civil Appeals of Texas. Dallas.

Dec. 17, 1954.

Scurry, Scurry & Pace and Ralph Wood, Jr., Dallas, for appellant.

McKool & Bader, Dallas, for appellees.

DIXON, Chief Justice.

This is a condemnation suit. The parties agree that the preliminary proceedings were regular and according to law. The only issue in the case is as to the market value of the property taken. The Commissioners' award was $3,650. The jury awarded $6,000. Appellant says the jury award is excessive, and not supported by proper evidence.

It was stipulated that appellant took possession of the property July 17, 1951.

The property at the time of taking consisted of two lots with improvements thereon. The two lots lie back to back with a continuous length of 480 feet and a width of 60 feet, all of which was under fence. One of the lots faced on Fishtrap Road, the other on Goldman Street, in the City of Dallas, Texas.

The improvements consisted of a four-room, shingle-roof, frame house of 643 square feet, seated on blocks set in concrete, with a concrete front porch and a screened-in back porch. On the premises also were a 150 gallon butane tank, two chicken houses, a garage, and a well with a hand pump. Appellee testified that on the back portion he also had a vegetable garden from which he derived about a third of the living for himself and family, and fruit trees which yielded about ten bushels of fruit a year.

Appellee's witness C. L. Kitchens testified that he had been in the real estate business since 1951, and the building business since 1942, having built houses in Grand Prairie, Seagoville and Lisbon in Dallas County. His testimony goes into detail as to the size, structure, arrangement, appearance and location of appellee's property. He also testified as to sales and values of what he said were comparable properties. He further testified that appellee's property was located in a large Negro settlement not far from a cement plant, a steel plant, trucking firms, foundries and industries of all types which made employment available. There was a scarcity of property suitable for homes for colored people in 1951, he said, resulting in an increase in the value of such property. His testimony was that the market value of appellee's property including improvements was $6,200.

During cross-examination of the witness Kitchens the trial was recessed, and the court stated outside the hearing of the jury that he believed there were discrepancies in the testimony of the witness in this case and his testimony the week before in an-

other condemnation case. The court indicated that he would at least instruct the jury to disregard Kitchens' testimony. However after the court reporter had read excerpts from Kitchens' testimony the previous week, the trial was resumed and Kitchens continued to testify. The record does not show that anything further was said by the court about the alleged discrepancies. The court did not instruct the jury to disregard Kitchens' testimony. The point was again urged by appellant on motion for new trial, but the court overruled the motion.

Joe J. Kennemur, also a witness for appellee, testified that he was a painter, a paper hanger, and had been in the real estate business for a number of years. He said that property suitable for homes for Negroes had increased in value since 1946 sometimes as much as 100%. He testified that in his opinion appellee's property including improvements on July 17, 1951 was worth $6,400. He also testified as to values of properties he said were comparable.

Appellant's first point on appeal is that the jury's verdict is excessive because it is not supported by the weight of the evidence, and was based on false and fraudulent testimony, the result of inflamed prejudice and sympathy for appellee.

Appellee in his first counter-point objects to our considering appellant's first point on the ground that it is multifarious. We overrule appellee's first counter-point. We think it is proper for us to follow the course taken under similar circumstances by a reviewing court in Herzstein v. Bonner, Tex.Civ.App., 215 S.W.2d 661 (Ref. n. r. e.).

■ We overrule appellant's first point. The evidence in the record is sufficient to support the verdict of the jury. The credibility of the witnesses and the weight to be given their testimony was for the jury. The question of alleged excessive verdicts in condemnation cases has been passed on by this Court in Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575. It has also been passed on in three recent

cases in which the same appellant now before us was the appealing party: Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W.2d 963 at page 965; Housing Authority v. Nealy, Tex.Civ.App., 252 S.W.2d 967; and Housing Authority v. Sutton, Tex.Civ.App., 252 S.W.2d 968.

■ Appellee in his third and fifth counter-points objects to our considering appellant's second and third points, on the ground that though said points are set out in appellant's motion for new trial, they are not carried forward into appellant's amended motion for new trial. We overrule appellee's third and fifth counter-points. Appellant's amended motion expressly states that it does not abandon the assignments of error raised in its original motion but merely adds to them the assignments raised in its so-called amended motion. The trial court considered the assignments in both instruments, for it expressly overruled the assignments in both. A similar situation was considered and passed on adversely to appellee's contention in Maryland Casualty Co. v. Duhon, Tex.Civ.App., 40 S.W.2d 198 at page 201. See also McDonald, Texas Civil Procedure, sec. 18.08.

■ Appellant's second point on appeal is that the trial court erred in permitting Kitchens and Kennemur to testify of comparable sales in September and December 1951 and May 1952, all of which dates were subsequent to July 17, 1951, the date of condemnation in the case at bar. This point was passed on adversely to appellant in the Shambry case mentioned above. We agree with appellant that when property is taken by condemnation the condemnor should not have to pay an increased value due to the public improvement itself. But we find no testimony in the record to support the contention that such was the fact in this case. We cannot say as a matter of law that comparable values soon after a condemnation are necessarily greater, or that the increase, if there has been any, is necessarily due to the condemnation. As pointed out by appellant itself in its brief, not every public project increases the value of surrounding land. In the case before us

the growth of a business and industrial district nearby and the scarcity of property suitable for homes for colored people, are factors which were brought out in the testimony. Further it is common knowledge that the City of Dallas has experienced a phenomenal growth and expansion in the last few years. One of appellant's witnesses testified that lots in the vicinity of appellee's property had doubled in value in the last three or four years, and had tripled since 1946. We overrule appellant's second point.

Appellant's third point alleges that appellee's witnesses testified about sales of comparable property though the comparability of such properties to the subject property was not shown save by the naked statements of the witnesses that they were comparable.

■■ On direct examination of Kitchens and Kennemur appellant's objection to their testimony about comparable sales was not specific in pointing out the lack of similarity, and was overruled. Appellant was not allowed to take the witness Kitchens on voir dire examination, and did not ask to do so as to Kennemur. The purpose of testimony of sales of comparable property is to provide a means to test the knowledge and qualification of the witness to testify as to the market value of the property condemned. Of course in deciding whether it accomplishes that purpose the jury is the judge of the credibility of the witnesses and the weight to be given their testimony. Within certain limits the trial court may exercise some discretion in admitting such testimony. 19 Tex.Jur. 249. We cannot say as a matter of law that the trial court in this case committed reversible error in admitting the testimony in question. Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192 (Ref. n. r. e.).

■ On cross-examination appellant questioned the witnesses vigorously and in detail as to the comparable sales about which they had testified on direct examination. But appellant did not then move that the questioned testimony be stricken, or that

the jury be instructed to disregard it. In view of appellant's failure to be specific in its original objection we think the trial court should have been given an opportunity to pass on the question in the light of the details brought out by appellant on cross-examination. St. Mary's Oil Engine Co. v. Allen-Morrow Co., Tex.Civ.App., 20 S.W.2d 266 (syl. 6). Then the error—if it was error—in admitting the testimony could easily have been cured by striking the testimony and instructing the jury not to consider it. See 3–B Tex.Jur. 663, and cases there cited.

■ In support of their third point appellant cites us City of Austin v. Cannizzo, Tex., 267 S.W.2d 808 at page 816, which in turn cites an earlier Supreme Court case, 77 Tex. 100, Chaney v. Coleman, 13 S.W. 850. These cases hold in substance that in determining the value of unimproved real estate evidence of the price paid in recent sales of nearby improved real estate is not admissible. We certainly agree that such a comparison would be unreasonable, and might mislead a jury. But no such fact situation is presented to us here. The record before use clearly shows that the subject property is improved. The testimony of Kitchens is that the comparable properties are also improved. However appellee's witnesses and appellant's witness Cowley too were asked on direct examination to compare the values of the lands only, exclusive of the improvements.

■ The record before us shows that Kitchens testified without objection that one of appellee's lots was worth $1,500, the other $1,200; the house on the property was worth $2,800; and outhouses $700 totaling $6,200. Kennemur in his testimony gave a similar breakdown, his valuation on appellee's land alone being $2,600 and the value of the property with improvements $6,400. This method was also followed by appellant's witnesses. The witness Roy Eastus testified for appellant that one of appellee's lots was worth $600, the other $400, and that the total value of appellee's property with improvements was $3,650. Appellant's witness Leonard M. Cowley

assigned a value to appellee's land of $1,400 and a value of the property including improvements of $3,800. Thus a basis was laid for the testimony which witnesses for both sides gave as to comparable land values. This does not violate the very reasonable rule laid down by the Supreme Court that the value of unimproved property may not be determined by comparing its value with improved property.

The judgment of the trial court is affirmed.