### GILLAM v. STATE et al.

### No. 1759.

Court of Civil Appeals of Texas. Waco.

May 28, 1936.

L. W. Shepperd, of Groesbeck, and Bryan & Maxwell and Stansell Bryan, all of Waco, for appellant.

C. S. & J. E. Bradley, Norton Fox, and Roy Lewis, all of Groesbeck, for appellees.

ALEXANDER, Justice.

This is a condemnation suit brought by the state of Texas against Dr. J. R. Gillam as owner and the First National Bank of Waco as lienholder to condemn for highway purposes a strip of land amounting to approximately 11 acres out of a tract of 320 acres. Judgment was for the plaintiff. The defendant, J. R. Gillam, appealed.

 The jury of review made its report on May 18, 1934, from which Dr. Gillam appealed to the county court. The trial in that court was had on January 18, 1935. There was testimony indicating that there was a material difference in the value of the land between the date of the report of the commissioners in 1934 and the value of the land on the date of the trial in January, 1935. The state had not taken possession of the land up to the time of the trial and had not paid to the property owner the amount of damages awarded by the commissioners nor deposited same in court nor had it executed a bond as provided in Revised Statutes, art. 3268, as amended (Vernon's Ann.Civ.St. art. 3268). With the record in this condition, the court, in submitting the case to the jury, inquired of the jury the value of the land taken as of May 18, 1934. The appellant objected to the issue and contends that the value should have been fixed as of the date of the trial, which was in January, 1935. We are inclined to think that appellant is correct in this contention. In view of the fact that the condemnor had not taken possession of the land up to the time of the trial and had not paid or deposited the amount of the award nor given the bond as provided in the statute, there had been no "taking" of the property prior to the trial and the appellant was entitled to have the value fixed as of the date of the trial. 16 Tex. Jur. 1022; San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040; Beaumont & G. N. R. R. v. Elliott (Tex.Civ. App.) 148 S.W. 1125, par 3; Gulf, C. & S. F. Ry. Co. v. Lyons, 2 Willson, Civ.Cas. Ct.App. § 139.

The court defined "cash market value" as used in the charge as follows: "The cash market value of said land was the price which it would have sold for in cash on said date, when offered for sale by a person desiring, but not compelled to sell, and bought by a person under no necessity of having it." This charge erroneously omitted the element that the buyer should be one "who desires to buy," as suggested by the Supreme Court in State v. Carpenter (Tex.Com.App.) 89 S.W.(2d) 979, 980, par. 1.

The other errors complained of will not likely arise in the same manner upon another trial, and for that reason we do not deem it necessary to discuss the other assignments.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.