## McCHRISTY v. HALL COUNTY.

### No. 5152.

Court of Civil Appeals of Texas. Amarillo.

April 29, 1940.

Rehearing Denied May 27, 1940.

H. D. Stringer, of Memphis, for appellant.

W. J. Bragg, J. O. Fitzjarrald, and Sam J. Hamilton, all of Memphis, for appellee.

STOKES, Justice.

This is an appeal from a judgment of the county court awarding to appellant, Mrs. Sarah McChristy, the sum of $18 as compensation for .36 of an acre of land condemned under the right of eminent domain by Hall County in connection with the right-of-way of a highway. The commissioners in condemnation made their report on the 31st of March, 1939, to which appellant filed her exceptions and objections on the 3d of April, 1939. Issue was duly joined and the case tried on the last named date.

The record shows that sometime before the condemnation proceedings in this case were instituted the county had acquired a strip of land 100 feet in width across a tract of 7 acres adjoining the town of Memphis belonging to appellant. The road had been located, the right-of-way established, the contract for construction of the road let, and a large portion of the road from Memphis east to Highway

No. 4 in Childress County had been graded. The right-of-way ran across appellant's land in an easterly direction, leaving the small strip here sought to be condemned on the south thereof and separated it from the balance of appellant's land which is located north of the highway. Appellee desired this small tract as a place from which to procure earth, stone and gravel in order to build the highway and to repair and maintain the same.

A jury was selected to try the case and appellant, after admitting the right of appellee to condemn the land and that the only issue was the value thereof, assumed the burden of proof. At the close of appellant's testimony appellee presented a motion for an instructed verdict, which was granted, and, upon the court's instruction, the jury returned a verdict in favor of appellant awarding her $18 as compensation for the land taken in the condemnation proceeding. Her motion for a new trial being overruled, appellant gave notice of appeal and presents the case in this court upon two assignments of error, both of which present substantially the same contention.

In an attempt to establish the value of the property, appellant introduced N. E. Burke as a witness who, after qualifying as to his knowledge of real estate values, testified in substance that on March 31, 1939, the fair market value of the property sought to be condemned was $150. He testified that he was familiar with the market value of lands in the vicinity and that his estimate of the value of this property was based upon his knowledge and information concerning those values. Upon cross examination he said that the property would not be worth $150 if there had not been a highway in process of construction at the location. He said the property would be a good location for a gasoline filling station. Appellee immediately moved the court to strike his testimony concerning the value of the land since it was based upon the opening of the highway. This motion was sustained by the court and the witness limited in his estimate to the value per acre of the entire tract, including the property being condemned, without regard to the highway, which value he said was $50 per acre.

The questions presented by the assignments of error are, first, whether or not the court erred in sustaining the motion to strike the testimony and, secondly, whether or not error was committed by the court in giving to the jury a peremptory instruction to return a verdict awarding to appellant $18 as the value of her property.

As we have stated, the witness showed himself to be qualified to testify concerning the fair market value of the property. He said he based his opinion of its value on what it would bring, by which he evidently meant what it would bring in the market if offered for sale. He said that it would not bring $150 "if there wasn't a highway being put there; but it would bring it now."

■ It will be seen from the foregoing statement that the condemnation proceeding was not in connection with, nor a part of, the procedure by which the original right-of-way for the road was procured. That had already been accomplished and the location of the road definitely established. Not only so, but the contract to build the road had been entered into and a large portion of the grading completed. This proceeding was not incidental to the establishment of the highway but one instituted after the highway had been established and it became desirable to use the earth, rock and gravel from this tract for use in constructing the highway. It was, therefore, an independant proceeding and, under the law, appellant was entitled to the fair market value of her land under the circumstances and conditions existing at the time it was taken only four days prior to the trial of the case. The testimony shows that its market value without the road or without reference to its location or projection would have been practically nothing and appellee's motion seems to have been urged upon the theory that the witness had based his valuation upon the fact that a highway had been projected and located in such manner as that this property abutted thereon. The rule is well established that the owner of property condemned for public use is entitled to a judgment based upon the fair market value of his property at the time it is taken. The fact that previous improvements have been made by the condemnor or others is a factor which it is proper to consider in arriving at its value. It is not contended by appellee that it was absolutely necessary to condemn this particular tract in order to procure the materials necessary to construct the road, nor

is the suggestion made that this condemnation proceeding is a part of, or has any connection with, any procedure which had been instituted or conducted for the purpose of obtaining the right-of-way when the road was located some months before. But, even if it had been necessary for that purpose, and although this particular tract had been the only one available for the purposes to which appellee desired to appropriate it, appellant's right to the fair market value of her property at the time it was taken would not have been changed nor in any manner affected as a consequence thereof. She was entitled to the value of her property regardless of those matters. The benefits and enhancements in value that had already accrued on account of the previous improvements or the enterprise that had already been initiated to establish and build the road are not matters to be considered as offsets when subsequent condemnations such as this are instituted. The owner is entitled to such compensation as is warranted by the facts shown to exist at the time the land is taken. San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 176, 15 S.W. 1040; Gulf C. & S. F. Ry. Co. v. Brugger, 24 Tex.Civ.App. 367, 59 S.W. 556; City of El Paso v. Coffin, 40 Tex.Civ. App. 54, 88 S.W. 502, 504.

In the case of City of El Paso v. Coffin just cited the city and a railroad company which was building a line of road into the city agreed on plans for a union passenger depot. The city agreed to acquire by condemnation or otherwise certain lots which were to be appropriated as a park near the site of the depot. Negotiations between Coffin, the owner of some of these lots, and representatives of the city for the purchase by the latter of the lots having failed, the city instituted condemnation proceedings. The trial court instructed the jury "That in ascertaining the market value of said property on the 6th day of October, 1904, you should consider the condition of the property at that time, its locality with respect to business and demand for property at that time, and any increase or development thereof that might have been reasonably expected in the immediate future at that time. In ascertaining what the market value of the property involved in this controversy was on the 6th day of October, 1904, you should consider the conditions then existing at said time, but you would not be authorized to consider speculative or merely possible contingencies, and you would not be authorized to consider any evidence as to speculative values."

This charge to the jury was assailed by the city as being erroneous and the Court of Civil Appeals, in passing upon the assignment, upheld the charge upon the ground that the railway company had already acquired the property to be used for a depot site and that in so far as the operations, survey and acquisition of the site for the depot indicated with reasonable probability that the depot would be established in the immediate future, these things should have been considered in fixing the value of Coffin's property on the date it was taken. This is but a reasonable application of sound justice. The owner may be able to sell his land to others at the value to which it is enhanced by the location of the road and we conceive no reason why he should be penalized merely because it is desired by the public and being taken for public use. The plat of the tract involved attached to the statement of facts shows that it is just outside of the corporate limits of the city of Memphis. No road except the highway then being established is shown to be contiguous to the property. It is reasonable to suppose that a small tract of only about a third of an acre of land so located would have practically no value under such circumstances, but it is likewise reasonable to apprehend that such a tract of land upon a popular highway might have distinct value by virtue of its location. The witness Burke testified that it would be a good site for a gasoline filling station which, under modern conditions of business and travel upon the highways, cannot be said to be without basis to support it. The effect of granting the motion to strike the witness' testimony based upon these conditions was to deprive appellant of all value that had been brought to her property by the location of the highway which it abutted and of the present value which the witness said it had by virtue of the contemplated establishment of the highway. Of course, it is not permissible for the jury to consider mere speculative contingencies nor is testimony which ascends to the realm of speculations and fancies that may occur to the minds of optimistic witnesses concerning the future prospects of the property and its value admissible,

but the testimony of the witness Burke cannot be said to consist of such. He sought to base his estimate of the value of the property upon the substantial fact that the road had already been laid out, established, surveyed, the contract for its construction entered into, and a large portion of it already graded. As we have shown and as held by the courts in the cases above cited, appellant was entitled to the testimony which was stricken under the motion of appellee and in granting the motion the court committed error for which the case will have to be reversed. Texas Power & Light Co. v. Hill, Tex. Civ.App., 27 S.W.2d 842; Gulf C. & S. F. Ry. Co. v. Burger, Tex.Civ.App., 45 S.W. 613; Sullivan v. Missouri K. & T. Ry. Co., 29 Tex.Civ.App. 429, 68 S.W. 745; Crystal City & U. R. Co. v. Boothe, Tex.Civ.App., 126 S.W. 700.

■ Appellee contends that the witness Burke fixed the value of the property in a prospective sense, that is, he was estimating what its value would be after the road had been completed. We do not so interpret the testimony. On direct examination, the witness testified very positively that, in his opinion, the value of the property on March 31, 1939, was $150 and that there had been no change between that date and the trial. Upon cross examination, he said that it would not bring $150 "if it was not for the highway being put there, but it would bring it now." While the witness expressed himself in different terms which, standing alone, may bear the interpretation that he was referring to the conditions and value after the completion of the road, we think the fair interpretation of his tesimony is that he was throughout endeavoring to place the value as of March 31, 1939, and base it upon the fact that the road was being projected. The witness made a number of efforts to explain his testimony, but, upon objection of counsel, the court denied him the privilege. This, of course, was contrary to the most elementary rules of evidence. Biggs v. Miller, Tex.Civ.App., 147 S.W. 632; Teutonia Ins. Co. v. Tobias, Tex.Civ.App., 145 S.W. 251. But, withal, the testimony as given justifies our conclusion as the only rational interpretation that can be placed upon it.

■ As to the remaining contention of appellant, viz., that the court erred in giving to the jury a peremptory instruction to return a verdict in her favor for the sum of $18, it is obvious that the instruction was based upon the only testimony permitted by the court which had reference to the value of the property as acreage property only and in disregard of the location of the highway. It follows that in this the court also committed reversible error.

The judgment will be reversed and the cause remanded.