**STATE of Texas, Appellant,**

v.

**J. I. CARTWRIGHT, Sr., et al., Appellees.**

**No. 3929.**

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Nov. 30, 1961.

Will Wilson, Atty. Gen., W. T. Blackburn, Asst. Atty. Gen., for appellant.

George A. Weller, Beaumont, for appellee.

WILSON, Justice.

In this condemnation case appellant complains of refusal of its requested instruction to the jury: "Since the strip of land under condemnation is within the

right-of-way for a highway which the State of Texas is acquiring, you are instructed that in arriving at your answer to Special Issues numbers one and two you shall not take into consideration any increase in value, if any, which may have accrued to defendant's land due to location of the highway on such site."

In answer to Special Issue 1, the jury found the market value of 3.528 acres taken to be $19,404 immediately before the date of taking. In answer to the second issue the jury found the pre-taking value of the remaining tract. To a third issue the jury found the market value of the remainder had doubled immediately after the taking.

Appellees' witness gave his opinion that the tract taken had a market value of $5500 per acre, stating he arrived at his valuation "primarily by comparing sales of property in that area," which he then detailed. On cross-examination he testified "knowledge of this freeway" had influenced land values, and that knowledge of the location of the interstate highway for which land was being acquired was "reflected in all those comparable sales." The court sustained appellees' objection to appellant's inquiry to the witness as to what the value would be, disregarding the freeway. Appellees' objection was that values were to be determined as of the 1958 taking date, and "if they wanted to take this property back in 1954 when the project was started they had the same right to do it as they had to take it in 1958. But they didn't, and they couldn't sit down for four years in peace, and tie up this man's land for four years and then let it be worth $6000 or $5500 an acre on the date they came in, and at that time try to roll back the price to 1954;" and that what the property was worth in 1954 was too speculative. Appellant insisted the property should be valued as if the highway was not projected.

On the bill of exception it was developed by the witness that in making his estimate of values the purchase price of sales asserted to be comparable in value was enhanced because of imminence of the contemplated freeway; that in his opinion the market value of the subject property as testified to, would be less "if the freeway had not been going through there"; that increase in value "was reflected in the sales of comparable property," and his opinion given as to values was as of the date of taking. Although appellant's evidence was to the effect the value of the tract taken was $3500 per acre, the jury found the value to be the identical amount testified to by this witness for appellees.

Having refused appellant's requested instruction, the court instructed the jury that "even though the condemnation of a portion of a tract for highway purposes and the proposed use of it by the State increases, rather than decreases the value of the tract as a whole, the owner is nonetheless entitled to compensation based upon the market value of the land actually taken for highway purposes at the date of such taking."

Although in the usual eminent domain proceeding the instruction might not be required, we think the refusal of the requested instruction under the entire record in this case was clearly reversible error. State v. Vaughan, Tex.Civ.App., 319 S.W. 2d 349, 356; Vey v. City of Fort Worth, Tex.Civ.App., 81 S.W.2d 228, 231, writ dis.; Too Fan v. City of El Paso, Tex.Civ. App., 214 S.W.2d 158, 159; 1 Orgel, Valuation under Eminent Domain (2d ed. 1953) Sec. 98, p. 425; Rayburn, Texas Law of Condemnation, Sec. 156(2), p. 451; and see City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503; Housing Authority v. Hubbard, Tex.Civ.App., 274 S.W.2d 165, 167; City of El Paso v. Coffin, Tex.Civ. App., 88 S.W. 502, 505, writ dis.; Robards v. State, Tex.Civ.App., 285 S.W.2d 247, 249, writ ref. n. r. e.

■ There is a distinction between enhancement in value resulting from prior and separate acquisition for a previous im-

provement, and increase in value resulting from the very improvement, contemplated and projected, for which the land is being acquired. 1 Orgel, Valuation under Eminent Domain, Sec. 104, p. 443; and see State v. Willey, No. 3911, this day decided, 351 S.W.2d 900.

Other errors complained of are collateral to the matters discussed, or are not likely to occur on another trial. Reversed and remanded.