STATE of Texas, Appellant,

v.

George E. WILLEY et ux., Appellees.

No. 3911.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Will Wilson, Atty. Gen., for appellant.

Hustmyre & Harris, Orange, for appellees.

WILSON, Justice.

Appeal from judgment in a total taking condemnation action based on the answer of the jury to a single issue as to the value of the strip acquired.

In 1951 Orange County acquired a strip of land from appellee as right-of-way for a designated conventional free-access state highway. This tract will be referred to as Tract A. In 1956 appellee subdivided land he owned adjoining this right-of-way tract A, and sold lots from the subdivision. At that time no highway construction had commenced on tract A.

After 1956 the State Highway Commission altered its plans and designated an interstate limited-access highway along the route earlier designated, which required acquisition of the additional tract taken by the present proceedings for construction of an overpass. This latter land will be called tract B. Contract for construction of the interstate highway, let in 1957, called for it to be built on tract A as well as the subject tract. Tract B, here involved was taken in 1958. Tracts A and B are adjacent.

Appellant's basic point is that the court erred in admitting opinion evidence as to the value of Tract B based in part on enhancement of its value due to the prior acquisition of tract A for highway purposes. The contention is that this permitted appellee to recover damages based on benefits resulting from the very project for which the present proceedings were instituted.

■ It is settled that a "condemnor should not have to pay the increased value of property taken, due to the public improvement itself." City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503, 505; State v. Vaughan, Tex.Civ.App., 319 S.W.2d 349, 356, no writ; Rayburn, Texas Law of Condemnation, Sec. 156(2), p. 451; 1 Orgel, Valuation Under Em. Domain (2d ed., 1953) Sec. 98, p. 425.

■ This, however, is not the present situation. Appellee and his witness on value testified as to values based on what comparable land in the subdivision adjacent to tract A had sold for; and as to prices at which adjacent land had sold for in 1956 to people with knowledge that tract A had already been acquired as right-of-way for a designated state highway. The record does not show these witnesses considered increment in value of tract B resulting from the contemplated

or projected construction of the interstate highway, as distinguished from that resulting from actual prior acquisition of tract A for the highway originally designated. The witness Davis referred to a "super-highway", but testified that in appraising value of tract B he was considering the right-of-way "already acquired."

The rule here applicable is stated in 4 Nichols, Em. Domain, (3rd ed. 1951) Sec. 12.3151(3), p. 127: "If a definite area has already been condemned, the market value of the neighboring property is naturally affected thereby. If an enhancement in value results such property is entitled to the benefit thereof. It follows that if the original project is subsequently enlarged so as to embrace additional property, such additional property as is involved in the supplemental taking is entitled to the benefit of any enhancement in value which resulted from the original taking." The rule is similarly epitomized in Jahr, Em. Domain (1953) Sec. 94, p. 131. 1 Orgel, supra, Sec. 104, p. 443 summarizes this rule: "While the decisions of courts are not in accord on the question of whether an enhancement in value caused by the very improvement for which the land is taken should be considered, they would probably all agree that an increase in value resulting from a prior and separate improvement should be allowed." This rule is applied by that authoritative text writer to projected prior and separate improvements and anticipated benefits therefrom.

Appellant cites City of Dallas v. Shackelford, supra; City of El Paso v. Coffin, 40 Tex.Civ.App. 54, 88 S.W. 502; writ dis.; McChristy v. Hall County, Tex. Civ.App., 140 S.W.2d 576, 577 no writ. These decisions are against appellant, but it seeks to distinguish them on the ground that in the instant case the improvements on tract A had not been actually constructed or contracted for when the enhancement in value to tract B occurred. That distinction was not a part of the ratio decidendi of the Shackelford case. It is true that there the city had built a shed on a proposed market place (corresponding to tract A here) completion of which was deferred pending cessation of war. But the Supreme Court held that as to the tract equivalent to present tract B it was proper to consider enhancement in value "due to the previous steps taken" by the condemnor to establish a public market. It emphasized the fact the appellee's property (tract B here) had not been designated originally "for immediate acquisition by purchase or condemnation", and held the owner should not be deprived of benefits to which he would have been entitled had his land not been condemned. In McChristy v. Hall County, the initiation of the enterprise to establish the road, "the procedure by which the original right-of-way for the road was procured", and the definite establishment of the location of the road were what were spoken of as being accomplished. The construction contract was referred to as emphasizing that the subsequent supplemental taking was an independent proceeding. In this, and in the Coffin case, the construction factor merely augmented the basis for the holding. We overrule the contention. San Antonio & A. P. Ry. Co. v. Ruby, 80 Tex. 172, 15 S.W. 1040, 1042; Gulf C. & S. F. Ry. Co. v. Brugger, 24 Tex. Civ.App. 367, 59 S.W. 556, 558; Aycock v. Houston L. & P. Co., Tex.Civ.App., 175 S.W.2d 710, syl. 17, writ ref. w. m.

■ A more difficult problem arises on these facts: Appellant presented a motion in limine asking the court to suppress any statement or reference by appellee's counsel or witnesses relating to participation by the Federal Government in payment of acquisition cost. The motion was overruled. On voir dire examination of the venire appellee's counsel objected to appellant's statement that the Constitution requires the State to pay adequate compensation, and stated the facts would show "the Federal Government has obligated it-

self to pay up to 90% of the cost of this right-of-way", and asked the court to instruct appellant's counsel to tell the jury these facts, because otherwise the impression would be left "that the State is paying the entire cost of this right-of-way, which is not true." After a colloquy concerning the matter, the record shows:

> "The Court: The objection is sustained."

> "Appellant's Counsel: Well, Judge, where does that leave me?"

> "The Court: It leaves you to tell the jury that the Federal Government and the State of Texas will pay for this right-of-way."

The court then instructed counsel to tell the jury "that the Federal Government will pay part of it or will liable to have to pay part of it," to which appellant excepted. Appellee's counsel thereafter told the jurors that if the Federal Government approved the project it would pay 90% of the cost, and that the jurors should not be persuaded, "regardless of who pays for it," to do other than be fair and impartial in finding fair market value. Appellee's counsel was thereafter permitted to elicit from appellant's engineer, over general objection, that it was "his understanding" that depending on approval, the Federal Government had "obligated itself to pay up to 90% of the cost of this program." The jury found the precise market value shown by appellee's evidence, which was several times that shown by the evidence of appellant.

Appellee says his interrogation of this witness was proper since the jury had already been apprized of the same facts on voir dire, and the error was waived because the objection was general and the court was not pressed for a ruling. The preliminary motion fully preserved the points, and appellant certainly did not acquiesce in the voir dire examination.

These facts, coupled with the court's express mandate that the jury be told of Federal contribution, clearly reflect error. The only problem for determination is whether the error is harmless or reversible under Rule 434, Texas Rules of Civil Procedure. In St. Clair County Housing Authority v. Quirin, 379 Ill. 52, 39 N.E.2d 363, 366, the condemnee's attorney was permitted over objection to question jurors on voir dire as to whether the fact that the United States Government was interested in the project (for which a municipal corporation was condemning land), or was financing it in whole or in part, would influence them in their verdict. The Illinois harmless error rule was stated to require "a clear and palpable mistake or the verdict", or that "the verdict was the result of passion and prejudice." The Supreme Court pointed out that the narrow issue of damages in a condemnation case could not be broadened, nor the jury influenced, by interjection of prejudicial matters, and whether the judgment was ever paid, or who paid it were not questions to be considered. In reversing, it said:

> "Appellees having intentionally asked these questions, which amounted to an invitation to the jury that it might as well be liberal with the money of the richest nation in the world, are in no position to offer any excuse whatever for the error which they deliberately caused. To temporize with or to condone such conduct as this would constitute a standing invitation for every lawyer who saw fit to do so to go just as far as he could and take a chance on going just a little bit further in getting immaterial and prejudicial matter before a jury."

We agree with the Supreme Court of Illinois. The judgment is reversed and the cause remanded.