Marion R. UEHLINGER et al., Appellants,

v.

STATE of Texas, Appellee.

No. 43.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 11, 1965.

Rehearing Denied March 4, 1965.

Fisher Alsup, Corpus Christi, for appellants.

Winston P. Crowder, Asst. Atty. Gen., Austin, for appellee.

SHARPE, Justice.

This is a condemnation case brought by the State of Texas, appellee, at the request of the State Highway Commission. The appellants are Mrs. Marion R. Uehlinger, individually and as guardian of the persons and estates of her two minor daughters, Julia Maurine Uehlinger and Eleanor Elaine Uehlinger, and also the said two minors, all of whom were condemnees and defendants in the trial court. The case involves the whole taking of a 3.1714 acre tract, located in the City of Corpus Christi, Texas, excluding certain mineral interests, for which the judgment, based upon a jury verdict, awarded appellants the sum of $8,750.00.

Appellants assert nine points of error. Points one through four attack the jurisdiction and authority of the trial court to proceed to trial or to enter judgment involving the interests of said minors, principally because citation was not issued or served on them after the filing in the County Court of the State's objection to the award of the commissioners, and for the reason that a guardian ad litem was not appointed to represent the minors' interests upon the jury trial in said court.

Point five asserts error because the trial judge excluded the testimony of a State's witness concerning his first appraisal of the property in question, which gave it a higher value than that shown by his later appraisal. Appellants' points six through nine complain of an instruction to the jury that in fixing market value of said property, it would "not take into consideration the increased value of said * * * land due to such highway construction."

For the reasons hereafter more fully discussed we have concluded that appellants' first four points reflect error for which the case must be reversed and remanded for new trial. Since it appears that some of the important questions raised by points five through nine may arise on a new trial, we believe that some discussion of them is indicated.

The petition in condemnation herein was filed with the County Judge on February 27, 1963, and Commissioners were appointed on the same date. At the request of appellee, a guardian ad litem was named to represent the minors prior to the hearing before the Commissioners. Proper notice of such hearing was given to all parties. Appellee objected to the award of the Commissioners, made on March 23, 1963, and appealed to the County Court of Nueces County, Texas. The case was tried to the court and jury on July 8th and 9th, 1963. The jury answered the single special issue submitted to it by fixing the market value

of the property on July 9, 1963, at $8,750.00. Judgment was rendered that appellants recover such amount, that the State of Texas have fee simple title to the tract involved, excluding certain mineral interests, and for payment of taxes to agencies not involved in this appeal. The State did not pay or deposit the amount awarded by the Commissioners prior to the trial herein nor did it theretofore take possession of the land in question. It is agreed, under such circumstances, that the date of taking was July 9, 1963, i. e., the date upon which the jury returned its verdict.[1]

Appellants' contentions under their points one through four largely arise for the reason that citation was not issued or served after the papers were filed with the County Clerk on April 10, 1963, pursuant to the appeal of the State, and because a guardian ad litem was not appointed to represent the minor defendants in connection with the trial in the County Court. Reliance is placed, particularly, upon Section 6, Art. 3266, Vernon's Ann.Tex.Civ.St., which provides that upon the filing of objections to the award of the Commissioners, the adverse party shall be cited and the cause shall be tried and determined as in other civil cases in the County Court.

We recognize the rule that a minor defendant cannot waive service of citation like an adult and cannot authorize someone else to do so for him.[2] In this case the record shows that Mrs. Marion R. Uehlinger is the legally appointed guardian of the persons and estates of her two minor daughters and that she appeared in the County Court individually, and as guardian for said minors upon the trial of this case. The same attorney who represents appellants in this Court purported to act for all of them in the lower court. Hence, the question is presented as to whether the voluntary appearance and participation in the County Court trial by such guardian, on behalf of herself and her wards, made un-

1. See Gillam v. State, 95 S.W.2d 1019 (Tex.Civ.App.1936, n.w.h.).

2. Wright v. Jones, 52 S.W.2d 747, 251 (Tex.Com.App.1932).

necessary the issuance and service of citation on the minors and authorized the lower court to exercise jurisdiction over the minors' interests in the property sought to be condemned.

■ It is provided, in substance, by Section 7, Article 3264, V.A.C.T.S., that notice of the Commissioners' hearing shall be given to a minor who owns property sought to be condemned by serving his personal representative if he has one. That such notice was properly given in this case is not questioned. Section 230(b), Texas Probate Code, V.A.T.S. authorizes the guardian of the estate of a minor to sue and defend generally on the ward's behalf, and Article 1981, V.A.C.T.S., contains additional provisions relating to institution of suits by guardians concerning both real and personal property. However, it is well settled that the regular guardian of a minor's estate cannot represent him in a suit if a conflict of interest exists between them.[3]

■■ The minors herein were named as individual defendants along with their guardian but were not served with citation in the County Court trial. While this matter was still an administrative proceeding, and prior to the hearing before the Commissioners, the State filed a motion in which it represented to the court that a conflict of interest existed between the minors and their guardian as affects this proceeding. The County Judge granted the State's motion, entered an order expressly finding that such conflict existed, and appointed a guardian ad litem who represented the minors at the Commissioners' hearing but did not appear or participate in the County Court trial. The guardian ad litem was not authorized in such capacity to waive citation of service on the minors after the matter became a case in the County Court pursuant to the State's appeal. There was no subsequent finding that this conflict of interest had ceased to exist. Such conflict of interest between the minor wards and their guardian required the trial court to appoint a guardian ad litem to represent the minors in the County Court trial. Unless jurisdiction of the individual wards had been acquired by proper service of citation (which could not be waived under the conditions prevailing here) the court had no authority to appoint a guardian ad litem or to proceed to trial as to the minors.[4] So long as there is a legal conflict of interest between the guardian and the minors, the usual procedure of issuance and service of citation on all parties is required and a guardian ad litem should be appointed to represent the interests of the minors at the earliest practicable time in advance of the trial in the County Court.

For the reasons stated, appellants' points one through four are sustained.

■ By their point number five, appellants contend that the trial court erred in sustaining appellee's objection to the testimony elicited on cross-examination of the State's witness, Henry Stone, to the effect that his first appraisal of the property in question, made in the month of November, 1961, showed the market value of the property to be $9,500.00, and his later appraisal of its market value as of the date of taking was some $2,000.00 less, and as to why such difference existed. The trial judge ruled

3. Sandoval v. Rosser, 86 Tex. 682, 26 S.W. 933 (1894); Shiner v. Shiner, 40 S.W. 439 (Tex.Civ.App.1897, wr.ref.); 27 Tex. Jur.2d, Guardian and Ward, § 319, p. 591.

4. In Dial v. Martin, 37 S.W.2d 166, 175, 176 (Tex.Civ.App., 1931), reversed on other grounds, 57 S.W.2d 75 (Tex.Com. App.1933), the court said: "While the general rule is that a guardian is authorized to represent the ward in litigation, and that a judgment entered for or against the ward in an action where the guardian as such is a party is valid, the rule does not apply where the guardian has an interest which is adverse to that of the ward." See also In re Dudley's Estate, 88 S.W.2d 616 (Tex.Civ. App., 1935, wr.dism.); Stillwell v. Standard Savings & Loan Ass'n, 30 S.W.2d 690 (Tex.Civ.App., 1930, wr.dism.); 27 Tex.Jur.2d, Guardian & Ward, § 319, p. 591.

correctly in such connection. The record shows that between the dates of the two inspections by the witness Stone the improvements on the property in question had been damaged by third persons. Counsel for the State was aware of such fact prior to the trial and filed a motion in limine to suppress evidence of such damage which occurred prior to the date of taking by the State. When such testimony was offered at the trial out of the presence and hearing of the jury the trial judge simply adhered to his prior ruling. The State was liable only for the reasonable market value of the property as of the date of taking, which in this case was July 9, 1963, and not on some prior date. Appellants' point number five is overruled.

■ Under points six through nine appellants complain of an instruction given to the jury in the exact wording requested by counsel for the condemnor (to which appellants say proper objections were made), as follows:

> "You are instructed that in determining the market value of the 3.174 acres of land taken for highway construction you shall not take into consideration the increased value of said 3.174 acres of land due to such highway construction."

Unfortunately, the record does not show that appellants' objections were properly preserved for appellate review. The single objection to said instruction which is shown by the record is too general and cannot be considered. The specific objections allegedly made to said instruction, which are argued under appellants' points six through nine, are not properly established by the record. The transcript contains two pages

designated as appellants' objections and exceptions to the court's charge; but the signature or endorsement of the trial judge does not appear thereon and we cannot ascertain that such objections were presented to and ruled on by him. We, therefore, cannot properly consider appellants' points six through nine as grounds for reversal.[5] However, in view of a new trial, they will be further discussed.

The instruction to the effect that in fixing the market value of the property in question the jury would not give consideration to the increased value of the tract due to such "highway construction" is improper for a number of reasons.

■ First of all, the said instruction assumes as an undisputed fact that there had been an increase in value of said property due to "highway construction". This is an improper comment on the weight of the evidence and prevents the jury from determining whether, in fact, there has been such increase in value.[6] The value of said tract is necessarily to be determined by considering opinion testimony of the witnesses. Such opinion testimony does not establish any material issue as a matter of law.[7] The effect of such an instruction is to prevent the jury from ascertaining the true market value on the date of taking by improperly assuming the fact of increase in value on account of "highway construction" which, at best, involves a disputed issue.[8]

■ The instruction given in this case is subject to proper objection that it is a comment on the weight of the evidence. Also, the meaning of the term "highway construction" could be clarified, in view of

5. Rule 272, Texas Rules of Civil Procedure; Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S.W.2d 395 (Tex.Civ. App., 1964, wr.ref., n.r.e.).

6. Rule 272, T.R.C.P.; McDonald Texas Civil Practice, Sec. 12.03 pp. 1052–1055.

7. Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 (1948); State

v. Haire, 334 S.W.2d 488 (Tex.Civ.App. 1960, wr.ref., n.r.e.); Nelson v. State, 342 S.W.2d 644 (Tex.Civ.App.1961, n. w.h.).

8. Housing Authority of the City of Dallas v. Hubbard, 274 S.W.2d 165 (Tex.Civ. App.1954, n.w.h.).

testimony concerning other construction on the route of the highway involved, and interchanges between existing highways.

■ An instruction to a jury concerning the effect, if any, on market value of property as of the date it is legally taken for a public use, allegedly brought about by a highway construction project, should not exceed the narrow limits fixed by law and must be authorized by the facts of the particular case.

■ Article I, Section 17, Constitution of the State of Texas, Vernon's Ann.St., provides, in substance, that adequate compensation shall be paid to the owner of property which is taken for a public use. The owner has a constitutional right to receive the reasonable market value of his property as of the date it is actually taken by the condemnor. Such date of taking is not to be reflected back to a previous time when the taking was first contemplated by the condemnor.[9]

■ Where a person's *entire property* is included in one general proceeding of condemnation, or the equivalent thereof, for a particular purpose, it is not permissible to consider the condemnor's purpose or the results thereof in fixing the owner's compensation; neither should the condemnor ordinarily, in a proper case, be required to pay for an increased value due to the public improvement itself.[10]

■ However, an important distinction must be observed between enhancement in market value of the property being condemned resulting from a previous improvement on the one hand, and an increase in such market value resulting from the very improvement, contemplated or projected,

for which the land is being acquired, on the other. The decision as to when specific property will be legally taken is with the condemnor, and if it is decided to take and construct independent segments of a project, the delay as to property later taken is chargeable to the condemnor, and the owner of such property should not by instruction or otherwise be deprived of its reasonable market value on the date it is actually taken. The rule is now well established that even though a specific parcel of land may have been considered by the condemnor to be a part of the original project, if the condemnor proceeds with acquisition of some portions of the project and unnecessarily delays as to other tracts, the owner of property later taken will be entitled to the reasonable market value of same on the date it is actually taken, including enhancement in value brought about for any proper reason, whether by preceding portions of said project or otherwise.[11]

■ It is also highly important that the condemnor be required to make a proper showing in order to be entitled to a limiting instruction (which, if given should be correct in substance and in form) concerning the effect of the highway project upon the market value of the property being condemned. In the present case there was no showing as to the date of the announcement or institution of the particular highway project here involved, the scope of it, or the relationship of the over-all project to the property owned by the condemnees herein. There was no showing as to when the instant property was designated for acquisition aside from February 27, 1963, the date upon which the petition for condemnation was filed with the County Judge. However, there is evidence by one of the

9. City of El Paso v. Coffin, 88 S.W. 502 (Tex.Civ.App.1905, wr.dism.).

10. City of Dallas v. Shakelford, 145 Tex. 528, 199 S.W.2d 503 (1947); Housing Authority of the City of Dallas v. Hubbard, 274 S.W.2d 165 (Tex.Civ.App.1954, n.w.h.).

11. City of Dallas v. Shakelford, 145 Tex. 528, 199 S.W.2d 503 (1947); City of Dallas v. Rash, 375 S.W.2d 502 (Tex. Civ.App.1964, wr.ref., n.r.e.); State v. Willey, 351 S.W.2d 900, 907 (2 cases, Tex.Civ.App.1961, no writ history in either case).

witnesses for the State that he first appraised the said property for the State in the month of November, 1961; and by another State's witness that the route of the proposed highway, which affected appellants' property, was generally known by about February 15, 1962. There is also evidence to the effect that a portion of the new highway had been constructed in the vicinity of the City of Corpus Christi, Texas, but such construction had not reached the property in question at the time of trial in July, 1963. There is no showing as to the date such construction began or the time or manner in which the right of way for same had been acquired, whether by common or simultaneous proceedings or by separate proceedings as to independent units; nor is there a showing as to the lapse of time between the prior takings and the instant one. The record is silent as to the reasons why the State failed to institute condemnation proceedings herein at an earlier date or to make payment or deposit the amount awarded by the Commissioners on March 23, 1963; which conduct on the part of the State resulted in fixing the date of trial as the date of taking in this case. Some of the witnesses testified concerning the influence of the proposed highway generally on market values of properties in the area, including comparable sales and as to the very property in question. Appellants made several objections to such testimony which were overruled. The argument for the State also mixed the matter of the highway project generally with a discussion of the instant property. It is apparent that the instruction given to the jury should be clarified in accordance with the cases herein cited.

In the case of City of Dallas v. Shakelford, 145 Tex. 528, 199 S.W.2d 503 (1947), the City delayed for about three years after a municipal public market project was announced before instituting condemnation proceedings to acquire the Shakelford property (consisting of four adjacent lots), having theretofore constructed portions of the market project on other properties which had been acquired in separate proceedings. The Supreme Court sustained the trial court's refusal to submit an instruction [12] requested by the condemnor which might have tended to affect the owner's recovery. It appeared that the Shakelford property had not been designated by the City for immediate acquisition along with other properties to be purchased or condemned for the market project, and could not be considered to have been taken in a simultaneous or common proceeding. The Shakelford property, at the time it was finally taken, had been enhanced in value as a result of improvements made by the City on properties which had been acquired for the public market project in separate and disassociated proceedings. Under such conditions the court held that it was entirely proper for the jury to take into consideration the enhanced value of the Shakelford property at the time of the legal taking, even though brought about by previous steps taken on the part of the City towards the establishment of a municipal public market.[13]

A much narrower instruction than the one involved in Shakelford concerning the relationship of the highway project to the market value of property being condemned,

12. Such refused instruction reads as follows: "Since the property under consideration is a part of the original designated market site, you are instructed that in answer to special issue No. 1, you shall not take into consideration any increase in market value, if any, which may have accrued to defendants' land due to the location of the public market on such designated site."

13. In Shakelford, the court said: "This conclusion, in our opinion, is supported by the following Texas cases: City of El Paso v. Coffin, supra, 40 Tex.Civ.App. 54, 88 S.W. 502; Gulf, C. & S. F. Ry. Co. v. Brugger, 24 Tex.Civ.App. 367, 59 S.W. 556; McChristy v. Hall County, Tex.Civ.App., 140 S.W.2d 576; and San Antonio etc. Ry. v. Ruby, supra, 80 Tex. 172, 15 S.W. 1040."

was held proper in a recent decision.[14] Such instruction was applicable to the strip taken for highway purposes as well as to the value of the remainder owned by the condemnee, immediately before the taking of the strip in question. In addition to the cases hereinbefore cited, there are a number of others which discuss the basic rules applicable to jury instructions and to the admission and exclusion of evidence where the effect of the public improvement itself on the market value of the property being taken is involved.[15] A reading of the opinions in such cases points up the importance of avoiding improper rulings and jury instructions which tend to prevent the jury from arriving at the true market value of the property being condemned on the date of its legal taking.

As we have heretofore stated, the date of taking in this case was July 9, 1963. On the present record this case might come within the doctrine of the Shakelford decision. Under the facts developed herein and the cases heretofore cited, the jury could not properly be instructed to disregard enhancement, if any, in value up to the date of taking on account of "highway construction" generally. However, since an entire taking was here involved, the jury could properly be instructed that in fixing the market value of said property as of the date of taking, it could not consider the condemnor's purpose or the results thereof or the erection and establishment of any improvements by the condemnor, strictly limited to the very tract which is then the subject matter of the condemnation proceedings.

Upon a new trial of this case the guide posts furnished by the cases herein cited should be followed on the matters of admission and exclusion of evidence and instructions to the jury.

Because of the errors shown by appellants' points one through four, the judgment of the trial court is reversed and the cause is remanded for new trial.

NYE, Justice (concurring).

Title to the land was held jointly by Marion Uehlinger and the minor children, Julia Maurine and Eleanor Elaine Uehlinger. Upon motion by the condemnor, while the condemnation matter was still in an administrative stage, the County Judge determined that there was a conflict of interest existing between the said minors and their guardian, whereupon, the court appointed a guardian ad litem to represent the minors during the Commissioners' hearing. The condemnor objected to the decision and award of the Commissioners and timely filed its objections requesting that the case be tried in County Court and that the defendants be cited as required by law. No citation was issued or served on any of the defendants after the cause had been appealed; however, the defendant, Marion Uehlinger, individually and as guardian of the minors, voluntarily appeared in County Court. The minors were not present in court; they were not represented by a guardian ad litem; nor had service by citation been served upon them or their personal representative. The record does not elaborate on the conflict of interest between

14. In State v. Cartwright, 351 S.W.2d 905 (Tex.Civ.App., 1961, wr.ref., n.r.e.) it was held that the following instruction should have been given to the jury: " 'Since the strip of land under condemnation is within the right-of-way for a highway which the State of Texas is acquiring, you are instructed that in arriving at your answer to Special Issues numbers one and two you shall not take into consideration any increase in value, if any, which may have accrued to defendant's land due to location of the highway on such site.' "

15. State v. Parrish, 159 Tex. 306, 320 S. W.2d 330 (1958); State v. Vaughan, 319 S.W.2d 349 (Tex.Civ.App.1958, n.w.h.); Taylor v. City of Austin, 291 S.W.2d 399 (Tex.Civ.App.1956, wr.ref., n.r.e.); Housing Authority of City of Dallas v. Shambry, 252 S.W.2d 963 (Tex.Civ.App.1952, wr.ref., n.r.e., 152 Tex. 122, 255 S.W.2d 184, 1953).

the guardian and the minors. The record does not show whether such conflict was over the amount due each owner, or the extent or nature of such conflict. There being, however, a predetermined conflict of interest between the minors and their guardian, the guardian could not then waive the issuance of citation for such minors, or make a voluntary appearance in their behalf. Until the Court acquired jurisdiction over the person of the minors, a guardian ad litem could not be appointed to represent them. Ginn v. Southwest Bitulithic Co., (Tex.Civ.App.1940), 149 S.W.2d 201, wr. dism., judg. corr.; Wright v. Jones, Tex. Comm.App., 52 S.W.2d 247, opinion approved by Sup.Ct. (1932); 43 C.J.S. Infants § 110 b, p. 288; 27 Tex.Jur.2d 591, § 319, Guardian and Ward.

Each party to the condemnation may insist and therefore be entitled to be compensated for his interest separately. At another trial, it should be determined (after jurisdiction has been invoked by citation and a guardian ad litem appointed to represent the minors) whether such minors should have the value of their interest apportioned among them separately. White v. City of Waco, 171 S.W.2d 514, wr.ref. (Tex.Civ.App.1943); City of Paris v. Tucker, 101 Tex. 99, 104 S.W. 1046 (1907); City of Houston v. Huber, 311 S.W.2d 488 (Tex.Civ.App.1958).

Appellee argues in the alternative that if this Court should hold that the lack of service on the minors is fundamental error, the judgment should be set aside only as to them and not to Mrs. Uehlinger. The lower court did not obtain jurisdiction over the minor defendants. There is no way to determine from the record the extent of the conflict of interest between the several defendants, or upon what basis the judgment would be severable. Therefore, because the minors (when properly before the Court) may desire that their award be determined separately, justice would be best subserved by reversing and remanding the entire case.

Appellant having failed to properly perfect his error on Points 6 through 9, and because such errors complained of will not likely arise in the same manner upon another trial, I do not deem it necessary to discuss the other assignments.