IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00347-CV

 

In the
Interest of Z.A.T., K.M.T. & K.O.T., CHILDREN

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 99-2937-4

 



CONCURRING Opinion










 

          The Court issued an opinion reversing
this case on November 16, 2005.  I dissented to that opinion.  The Court’s
opinion was withdrawn in an order dated January 11, 2006.  I now withdraw my
dissenting opinion dated November 16, 2005 and substitute this concurring
opinion in its place.

          Justices Vance and Reyna initially
failed, and now fail on rehearing, to address why the merits of Richard’s point
on appeal should be addressed at all.  The only reason I discussed the ability
to subpoena a child witness in my dissenting opinion is because the majority
framed the issue upon which the case was being reversed as the trial court’s
refusal to allow Richard’s children to testify, treating the issue as though
the children were before the trial court when they were not.  The problem is
that issue is not what was presented to the trial court, nor is it the issue
presented to this Court for disposition.

          While I can now concur with the
result, because the judgment of the trial court is not being reversed on this
issue, I write this concurring opinion to address Richard’s second issue on
appeal, the one he actually presents, to note the unusual procedure leading to
the new result and the method described by the trial court regarding the
compelled attendance of a child witness as a possible alternative to issuing a subpoena
directly upon a child witness, but which must be used with caution.  I will
address these issues in reverse order.  I will then address certain additional
aspects of the dissenting opinion.

Motion for Rehearing
Filed by the Trial Court

          In a very unusual procedure, the trial
court filed a document titled “Request for Reconsideration of Memorandum
Opinion” after a majority of this Court had originally reversed the trial court
upon the basis that the trial court had refused to permit the children, the
subject of the suit, to testify.  The relevant portion of the text of the trial
court’s request is as follows:

This [Trial] Court does not participate in
compelling witnesses to attend hearings unless they have first been subpoenaed
to attend and then have refused to honor the subpoena.

 

Children, through their parents or guardians,
are regularly subpoenaed to attend family law matters in this [Trial] Court. 
If the parent shows up without the child, this [Trial] Court sends them to get
the child.

 

In this case, the [Trial] Court absolutely did
not refuse to permit the children to testify, and exception is taken to
that ruling.  This [Trial] Court knows full well that a competent child witness
is entitled to testify – that wasn’t the issue here.  The issue between Mr.
Taylor and the [Trial] Court was him wanting the [Trial] Court to require the
children’s attendance without them first being subpoenaed through their
mother.  Mr. Taylor made no showing or claim in his Motion requesting the
“children’s attendance at trial” that the mother had not or would not honor a
properly issued subpoena.  (emphasis in original)

 

          While I believe we engage in setting a
dangerous precedent by responding to a trial court that has been reversed when
the trial court files what is essentially a motion for rehearing, I note that
it was, in this case, effective.  I also note that the “motion” was verified
and that it was properly served on all parties to the proceeding.

          While I argued in my original
dissenting opinion the majority’s original discussion and disposition was
erroneous based upon the ability to subpoena witnesses in a civil proceeding, which
is now the basis for the lead opinion by Justice Reyna, I note that the
procedure outlined by the trial court in its “motion” would be much less traumatic
for the children by use of a procedure that would have the effect of compelling
the person in possession of a child to bring the child to court.  It operates
much like a subpoena duces tecum, except that rather than the production of
documents, the subpoena requires the parent or guardian that is subpoenaed to
bring a child witness with them and appear in court.  As the Amarillo Court recently acknowledged, there are not rules that cover every situation that may
arise in the course of a legal proceeding.  In re Myers, No.
07-06-0050-CV, 2006 Tex. App. LEXIS 1128 (Tex. App.—Amarillo, Feb. 9, 2006, no
pet. h.).  That is precisely why trial courts are invested with inherent
authority and ample discretion to conduct their court’s business.  As the court
stated:

[A] trial court has great discretion over the
conduct of a trial. … And, the burden lay with Myers to prove that it clearly
abused that discretion before mandamus can issue. … This burden is met by
showing that the trial court acted unreasonably, arbitrarily, or without
reference to guiding principles.  … [W]e cannot say that the trial court’s
decision lacked reason. … In sum, the procedure of the trial court may be
unique, but we cannot say that it exceeds the vast discretion given such bodies
in conducting trials.  Ever increasing docket loads should stimulate the
adoption of creative procedures for speedily addressing disputes.  And, we
hesitate to interfere with the exercise of those creative efforts so long as
they comport with lawful discretion.  Because that adopted here does, we deny
the petition for writ of mandamus.

 

  Id. at *2-4, 6.

          In footnote 9 in the dissenting
opinion, Justice Vance criticizes the trial court’s procedure because the trial
court did not notify Richard of it and criticizes me for not explaining why
Richard’s motion was deficient or inadequate.  As noted in the lead opinion, a
similar procedure is utilized in the Code of Criminal Procedure and the
Juvenile Justice Code.  Tex. Code Crim.
Proc. Ann. art. 24.011(a) (Vernon Supp. 2005); Tex. Fam. Code Ann. § 53.06(c) (Vernon 2002).  The trial
court was doing what any good judge does under the common law — looks for the
law applicable to similar fact patterns and applies it to the situation
presented.  This is the same thing that litigants should do.  And the issue is
not whether Richard’s motion is deficient or inadequate; the issue is whether
Richard has shown on appeal that the trial court abused its discretion by
denying Richard’s motion.  Our job on appeal is not to review the sufficiency
of the motion.  Our job, when an issue is properly raised in the appeal, is to
review the trial court’s ruling on the motion.  And it is not the trial
court’s, or for that matter this Court’s, job to practice law on behalf of
litigants who are representing themselves at trial or on appeal.  I will note,
however, that anything less than compliance with the rules regarding the
procedure for subpoenaing a witness as discussed in the lead opinion, including
the attempt to use this particular trial court’s procedure in another court,
may not preserve any issue regarding the failure of a witness to appear.

          The rules of civil procedure specify
the manner in which a witness in a civil proceeding can be subpoenaed.  Tex. R. Civ. P. 176.  There is no
special procedure for a witness who is a minor.  And if these children had
continued to be represented by their own counsel, as they were briefly earlier
in this extended proceeding, the subpoenas could have been served on their
attorney, rather than them individually.  Tex.
R. Civ. P. 176.5(a).

          The dissenting opinion is dismissive
of the advisability and ability to subpoena a child witness.  Specifically,
Justice Vance states that he seriously doubts whether minors have the legal
capacity to be served with a subpoena.  I, on the other hand, have no doubts
that a minor can be served with a witness subpoena in a civil proceeding.  I do
not believe it is an issue of capacity.

          For over 125 years, it has been the
law of this State that you can personally serve a minor with a citation to make
them a party to a proceeding.  “The Courts of this State have always recognized
the necessity for personal service upon a minor.  In Wheeler v. Ahrenbeack,
54 Tex. 535 (1881), the Court pointed out the necessity of complying with a
statutory requirement for service upon a defendant and concluded that such
right could not be waived by a minor….”  In re M.W., 523 S.W.2d 513, 514
(Tex. Civ. App.—El Paso 1975, no writ).[1]  I
see no reason to distinguish the ability to serve a minor with a citation for
service of process from the ability to serve a minor with a subpoena to appear
as a witness.  Thus, it may be that the trial court’s alternative method will
work in any given case, and for some of the reasons noted, a practitioner may
want to try an alternative procedure first.  But the more careful practitioner,
in order to preserve an issue for appeal regarding an absent witness, will want
to strictly comply with the rule regarding subpoenaing a witness, just in case
the trial court declines to use any alternative procedure.

Richard’s Second Issue
on Appeal

          But as I also stated in my original
dissenting opinion, the actual issue in this appeal is not about whether or not
the trial court erred by refusing to allow Richard’s children to testify at the
modification hearing.

          The issue Richard actually presents in
his brief is as follows:  “Whether the trial court erred in denying to hold a
qualification hearing and require Appellee to ensure the children were present
to testify at trial.”  Justice Reyna now addresses this issue and issue three
with it in the lead opinion.  The third issue is:  “Whether excluding testimony
of the children violated the due process of both United States and Texas
Constitutions.”

          The problem is, as presented on
appeal, these issues are not what was presented to the trial court.  For
example, the children were never presented for a qualification hearing;
accordingly, the trial court did not err in not interviewing or qualifying the
children to testify.  Richard’s issues on appeal are broader than the issue
presented to the trial court.  To the extent the issues are broader, they do
not comport with the issue presented and decided by the trial court. 
Accordingly, to that extent, they present nothing for review.

          This leaves us with only one ruling
made by the trial court that is arguably challenged by Richard on appeal. 

Analysis of Issue Two

Under his second issue, quoted above, Richard presents
some argument that the trial court erred when it denied his motion to compel
Valerie to bring the children to trial so that they could testify.  I will
address this argument as a sub-issue under a liberal reading of his second
issue and his brief.

Because no bill of exception was made as to what
the testimony of the children would have been, or even as to what Richard
thought it would be, Richard did not preserve error based upon the denial of
his motion resulting in the absence of a witness.  Neither did Richard request
a continuance of the hearing so that he could secure the testimony of an absent
witness.  Richard has thus failed to preserve this issue for review and is
unable to show harm as a result of the error, if any.  We, therefore, should
not address the merits of his second issue.

But if we were to reach the merits of the issue,
I note that Richard’s motion was not a common or routine motion.  He sought to
compel his ex-wife, by way of a motion, to bring his children to court for the
purpose of having them testify.  The trial court denied Richard’s motion.  

When we are dealing with novel areas of trial
court procedure, the trial court has to have wide discretion in dealing with
those issues.  In re Myers, No. 07-06-0050-CV, 2006 Tex. App. LEXIS
1128, *6 (Tex. App.—Amarillo, Feb. 9, 2006, no. pet. h.).  As discussed above,
the trial court uses a procedure in this situation that is authorized by
statute for securing the testimony of a child witness in a similar
circumstance.  The record indicates Richard knew how to subpoena a witness, but
he failed to take any action to subpoena the children directly or to subpoena
the mother and have her bring the children in her custody to court to give
testimony.  Based upon the existence of procedures to compel the attendance of
witnesses and the existence of similar procedures to compel the attendance of
child witnesses, that Richard did not use, we cannot conclude that the trial
court acted without reference to guiding principles.  Id.  The trial
court did not abuse its discretion by refusing to make Valerie bring the
children to testify in response to Richard’s motion.

Response to the Dissent[2]

          The dissenting opinion of Justice
Vance reveals two, or possibly three, philosophical differences between Justice
Vance and me.  I could spend a lot of time explaining and documenting these
differences for they have been revealed in many opinions, but in this
concurring opinion, I believe it is adequate to simply mention them.  The first
philosophical difference is who has the burden to show error in an appeal.  I
believe it is upon the appellant.  Richard has not shown trial court error.  He
has, at best, shown an alternative procedure that the trial court rejected. 
The second philosophical difference is whether it is appropriate for an
appellate court justice to re-lawyer a case for a party, particularly by making
arguments for a party which the party did not make in their brief, as a basis
for reversing a trial court’s decision.  I believe it is not the proper role of
an appellate judge to re-lawyer a case for a litigant – this causes an
imbalance in our advocacy system.  A possible third difference that seems to be
indicated is whether pro se litigants have a different burden or standard to
meet than parties represented by counsel; in particular, is the standard for
preservation lower for litigants that are representing themselves?  I believe
it is the same standard for all parties.

          The first paragraph of the dissenting
opinion suggests we have to explain why Richard’s motion is inadequate.  As
stated above, that is not the issue, so we should not waste our time with it. 
The issue is whether the trial court erred in denying the motion, not the
adequacy of the motion.

          The third paragraph of the dissenting
opinion attempts to change the issue, which is what happened in the original
majority opinion.  Note the attempt to shift the issue from whether the trial
court erred in denying the motion to compel Valerie to bring the children, to
the issue of the propriety of excluding child witnesses.  Child witnesses were
not presented.  Child witnesses were not excluded.

          The fourth and fifth paragraphs of the
dissenting opinion attempt to evade the consequences of Richard’s failure to
show what the testimony would have been and excuse his failure to take any
other action to secure the testimony of the children.

          The fifth paragraph of the dissenting
opinion also attempts to redefine what constitutes a subpoena.  The sixth paragraph
finds probable harm by again excusing Richard’s failure to “make a formal offer
of proof.”

          It is clear that what the dissent would
have done as the trial court judge is to grant Richard’s motion.  That probably
would not have been error.  But we are not the trial court; and our opinions
should focus on the legal issues which are properly presented.  Our opinions frequently
do not reflect what we would have done if we were the trial court.  Our task must
remain to conduct a review of what the trial court did, and decide if, under
the applicable legal standard, the trial court committed harmful error.




Final Conclusion

          The trial court never denied Richard
the opportunity to present his children as witnesses as he argues on appeal. 
Further, the trial court did not abuse its discretion by denying Richard’s
motion to compel Valerie to bring the children to court.  The court simply
denied Richard’s request to make Valerie bring the children to the hearing
without the issuance of a subpoena.  I concur in only the judgment of this Court
which affirms the trial court’s judgment.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed April 5, 2006

Publish









[1]
  See also Wright v. Jones, 52
S.W.2d 247, 251 (Tex. Comm. App. 1932, holding approved) (“When an infant is
made a party to an action, he must be served with process.”); In re Estate
of Bean, 120 S.W.3d 914, 920 & 921 (Tex. App.—Texarkana 2003, no pet.)
(“They contend personal service on the minor was not necessary because his
father appeared as next friend and as guardian ad litem. . . . We sustain
Shore’s contention that the failure to personally serve citation on Brenham Shore [a minor] deprived the trial court of jurisdiction to enter the declaratory
judgment.”); Uehlinger v. State, 387 S.W.2d 427, 430 (Tex. Civ.
App.—Corpus Christi 1965, writ ref’d n.r.e.) (“The minors herein were named as
individual defendants along with their guardian but were not served with
citation in the County Court trial. . . . The guardian ad litem was not
authorized in such capacity to waive citation of service on the minors after
the matter became a case in the County Court pursuant to the State’s appeal. .
. . Unless jurisdiction of the individual wards had been acquired by proper
service of citation (which could not be waived under the conditions prevailing
here) the court had no authority to appoint a guardian ad litem or to proceed
to trial as to the minors.”); Ellis v. Stewart, 24 S.W. 585, 587 (Tex.
Civ. App. 1893) (“There was no service of citation on the minor defendants,
which renders the judgment against them a nullity.”).





[2]  
In footnote 11, Justice Vance states he
will not address what he apparently believes are personal comments about him in
this opinion.  It is my intent to be critical of his legal analysis in this
case and in other cases over the past seven years of working with him.  These
are not intended as what are normally characterized as personal comments.  He
may consider them personal, depending upon how closely he holds his view on the
rules of law he espouses in his opinions, but the criticism is of his legal
analysis – not him personally.  If I could get him to communicate, exchange,
and refine the analysis as much in other cases as we have in this one, I truly
believe the ultimate winners would be the citizens of Texas by a thorough
venting of all the relevant aspects on important issues.  The opinions in this
case frame the issue and probe a number of problems.  Justice Vance’s legal
analysis in the dissenting opinion is much better explained and supported with
legal authorities than was his original analysis in what was the original majority
opinion of the Court.  I take partial credit for that improvement due to the
number of rounds of critical analysis and rewrites through which his dissenting
opinion has gone.  It is not personal, it is what good judges do for each
other.  Whether they agree or disagree, as long as each judge is working for a
better product – it is a win/win situation for the judges and the citizens of Texas.  [See Proverbs 27:17 (The NIV Study Bible):  “As iron sharpens iron,
so one man sharpens another.”]  For this reason, I can thank Justice Vance for
making me a better servant for the people of Texas.








run:yes'>  

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed October
 13, 2004

Do not publish 

 

[CR25]











   [1]
 The Court heard the motion to revoke at
the same time as a motion to revoke in another case that had the same
allegations.  Haynes’s counsel
re-tendered Haynes’s testimony from the other case in the case at issue here.