## RUSSELL COLEMAN OIL MILL v. SAN ANTONIO, U. & G. R. CO.

### No. 8582.

Court of Civil Appeals of Texas. San Antonio. March 25, 1931.

Spencer, Rogers, Lewis & Slatton, of San Antonio, for plaintiff in error.

Frank C. Davis and Marshall Eskridge, both of San Antonio, and Andrews, Streetman, Logue & Mobley, of Houston, for defendant in error.

SMITH, J.

This is a statutory proceeding brought by the railway company to condemn 4.85 acres of land out of a 60-acre tract belonging to the oil mill corporation. The latter was awarded $600 per acre for the land taken, and $12 per acre for damages to the remaining acreage. The oil mill appealed. Plaintiff in error's appeal is predicated upon contentions that the findings of the jury upon which the award was made were contrary to the overwhelming preponderance of the testimony, and that certain arguments of counsel for defendant in error to the jury

were unwarranted by the evidence and prejudicial to plaintiff in error.

Seven witnesses, all experienced real estate dealers, testified upon the issues of damages, three for plaintiff in error and four for defendant in error. Plaintiff in error's witnesses estimated the value of the land taken at from $800 to $1,300 per acre, and, in effect, that the value of the remaining land was depreciated by reason of the construction of the railroad through the tract in the sum of from $400 to $1,050 per acre. On the other hand, defendant in error's witnesses placed the value of the land taken at from $300 to $550 per acre, while one of defendant in error's witnesses estimated the depreciation of the remaining land at from $25 to $50 per acre, one testified that there was no depreciation, and the other two that the value of the land was enhanced by the construction of the road through the tract. The jury, as stated, fixed the value of the land taken at $600 per acre, and assessed damages to that remaining at $12 per acre. Both findings were well within the estimates made by the witnesses. None of the witnesses were impeached. The jury saw and heard each of them as they testified, and were in the best position to appraise their credibility and weigh their testimony, and the trial court, in a like position of vantage, has approved their findings. Those findings are binding upon this court, and we must overrule plaintiff in error's first and second propositions, in which these questions are raised.

Plaintiff in error's remaining propositions, the third and fourth, complain of the argument made to the jury by one of defendant in error's counsel. The first·statement made to the jury by counsel, to which objection is made, was that "the evidence showed that the land in question was valuable for factory sites and was rendered more valuable by the erection of the railroad tracks." Plaintiff in error's objections are that this argument was "too remote and speculative and was highly improper." We overrule these objections. The evidence as a whole warranted this character of argument, and it was particularly justified by the testimony of some of the witnesses that the construction of the railroad enhanced the value of the remaining land, and that the tract was "an industrial property and the greatest value of this property necessarily is industrial property."

Objection was also made to defendant in error's argument that "it was fair to assume" from the evidence that the spur track was put upon the "least objectionable land out in that section, which was defendant's land." This argument was objected

to upon the grounds that "it was without support in the evidence, and was outside the record." We overrule this objection. The argument, even if it was offensive to proper rules, was not so inflammatory in its nature and language to warrant reversal. Moreover, it was frankly stated as but an assumption of counsel making it, and was apparently well within the latitude usually accorded counsel in exercising a somewhat wide liberty of speculative deduction in presenting causes to juries.

The judgment is affirmed.