**E. E. NAUMANN, Appellant,**

v.

**URBAN RENEWAL AGENCY OF the CITY OF AUSTIN, Appellee.**

No. 11465.

Court of Civil Appeals of Texas.

Austin.

Feb. 8, 1967.

Rehearing Denied March 1, 1967.

Hardy Hollers, Austin, for appellant.

Johnson, Jones & Sheppard, Paul D. Jones, Pearce Johnson, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Urban Renewal Agency of the City of Austin filed its Original Petition of Eminent Domain in the County Court of Travis County, Texas, on June 22, 1965, to acquire the fee simple title to certain property belonging to appellant for the purpose of clearing said property for redevelopment and re-use by the Urban Renewal Agency of the City of Austin, in connection with the Urban Renewal Project, designated Kealing Project.

Special commissioners were appointed by the County Judge as required by statute to assess the damages and the award of said commission was filed on August 31, 1965. On the same date, appellee filed a motion to deposit the amount of the award of the special commissioners and to obtain possession of the property. On September 13, 1965, appellant filed his objections to the decision of the commissioners on the ground that the award was wholly insufficient and did not represent the amount of true and proper damages suffered by appellant by reason of taking of said land by said condemnation proceedings. Said case was submitted to trial by jury on March 7, 1966, and on April 5, 1966, judgment was entered by the trial judge and an award made to appellant based upon the findings of the jury. It is from this judgment that

appellant has perfected his appeal to this Court.

We affirm.

Appellant is before this Court with six points of error, briefed together, which are the error of the trial court in charging the jury to determine the market value of appellant's land, including improvements, on or about August 31, 1965 because in fixing the value of same as of this date constituted a taking of appellant's property in violation of Tex.Const. art. 1, Sec. 17, Vernon's Ann. St., providing, "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made;" the error of the court in overruling appellant's motion in limine to suppress any evidence of the market value of appellant's property as of the date of taking as provided by Vernon's Ann.Tex.Rev.Civ.Stat. art. 3265, Subd. 2,[1] for the reason that to fix the market value of appellant's property as of the date of taking would constitute a taking of appellant's property in violation of Tex.Const. art. 1, Sec. 17; the error of the court in overruling appellant's objections and exceptions to the main charge of the court in failing to instruct the jury to determine the market value of appellant's property immediately prior to May 13, 1963, the date the City of Austin adopted by resolution said plan for urban renewal of the Kealing project; the error of the court in sustaining appellee's motion to suppress which deprived appellant from adducing in evidence loss of rentals, reduction in loss of income, and loss of tenants for the reason that this type of evidence is material to establishing the market value of such property without the diminution of such value on account of the taking by the Urban Renewal Agency; the error of the court in instructing the jury to determine the market value of appellant's property as of August 31, 1965, the date of taking, resulted in an unreasonable and unjust award, and in effect, constituted a taking of appellant's property without adequate compensation in violation of the above-mentioned article and section of the Texas Constitution; that Vernon's Ann. Tex.Rev.Civ.Stat. art. 3265, Subd. 2, is in conflict with Tex.Const. art. 1, Sec. 17, if it is to be construed that the market value of appellant's property shall be determined as of August 31, 1965, the date directed in special issue Number one of the court's main charge to the jury.

We overrule these points.

[■] In the first place, the date submitted by the court to the jury, August 31, 1965 as being the date determinative of the market value of appellant's land was correct under Vernon's Ann.Tex.Rev.Civ.Stat. art. 3265, Subd. 2 and such provision is not in conflict with Tex.Const. art. 1, Sec. 17. Uehlinger v. State, 387 S.W.2d 427, (Tex. Civ.App.Corpus Christi—1965, writ ref'd, n. r. e.). In the second place, there is no evidence in the record, either offered or presented, as to the value of the property in question at any date other than the date of taking.

[■] We also hold that the trial court correctly sustained appellee's motion in limine to suppress any evidence or allusion by appellant relating to any loss of income by reason of loss in rentals or reduction in rental income as a result of the impending condemnation of appellant's property by appellee. See this Court's opinion in State v. Vaughan, 319 S.W.2d 349, (Tex.Civ. App.—1948, no writ).

The judgment of the trial court is affirmed.

1. "When the whole of a tract or parcel of a person's real estate is condemned, the damages to which he shall be entitled shall be the market value of the property in the market where it is located at the time of the hearing."