The STATE of Texas, Appellant,

v.

J. B. ARTHUR, Appellee.

No. 170.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 20, 1968.

A. B. Crowther, Jr., Asst. Criminal Dist. Atty., Brazoria, for appellant.

Vaughan O. Stewart, Wiley Thomas, Robert C. Koonce, Angleton, for appellee.

TUNKS, Chief Justice.

This is a condemnation case.

The State of Texas and the County of Brazoria are the condemnors and J. B. Arthur is the owner of the land condemned.

The land taken was 1.7 acres out of a 2.8 acre tract described as Tract 168 of Division No. 14, Brazos Coast Investment Company Subdivision of the Alexander Calvit League, Abstract 49. The tract of property involved was unimproved and was located at the intersections of State Highway 288 and State Highway 332 in Brazoria County, Texas. This intersection is located between the cities of Freeport and Clute, near the Dow Chemical Company plant. It was described as having the most traffic of any intersection in Brazoria County. The property taken and other tracts were taken for the purpose of constructing an overpass at that intersection.

The jury found that the value of the land taken was $33,362.55 and that the damage to the remaining portion of the tract was $4,398.60. Judgment was rendered allowing the landowner a recovery of $37,761.15. The condemnors have appealed. In this opinion the appellants will sometimes be referred to as the State and the appellee as the landowner.

The State's main points of error have to do with the trial court's rulings on the admissibility of testimony. The attorney for the landowner was permitted, over the State's objection, to cross-examine one of the State's real estate experts as to the amount paid by the State for another tract of land to be used in the same project. The landowner was also permitted to elicit testimony from his own witnesses as to sales of certain property over the State's objections that they were not comparable sales. Finally, the State had a point of error to the effect that the jury's findings as to the value of the land taken and the damage to the remaining portion of the tract are excessive.

■ Mr. Harold Oldham, an expert real estate appraiser, was called as a witness by the State. He testified that the market value of the property taken was $10,000.00 an acre and that the value of the remaining portion of the tract both before and after the taking was $10,000.00 an acre. He also

testified as to the sales of several comparable properties, identifying and describing those properties, and giving the dates of the sales and the consideration paid.

On cross-examination the landowner developed from the testimony of this witness that he had, at the request of the State, appraised another tract of property, situated at the intersection in question and had arrived at a value for that property, of $25,-000.00 an acre. The State objected to that line of interrogation because it related to a sale to a condemning authority. The objection was overruled.

It was not error for the court to admit this testimony over the stated objection. The witness did not testify as to the sale of the property to the State—in fact, he said that he did not know what it sold for when the State acquired it. He merely testified as to his appraisal. There was no objection based upon the lack of comparability of the two tracts. The testimony he gave was properly elicited on cross-examination for purposes of questioning the credibility of his appraisal of the Arthur tract. State v. Hilton (Tex.Sup.Ct.), 412 S.W.2d 41; State v. Weidel, Tex.Civ.App., 385 S.W.2d 625, no writ hist.

■■ A different situation arose, however, in the cross-examination of Mr. E. L. Sauer, another of the State's expert witnesses. On such cross-examination the attorney for the landowner was permitted to show, over the State's objection, that the State had actually paid $25,000.00 per acre for the tract of land Mr. Oldham had appraised at such value.

The trial court erred in admitting such testimony. In Gomez Leon v. State (Tex. Sup.Ct.), 426 S.W.2d 562, 565, it is said, "Our courts have consistently held that proof of sales of property to a corporation or a governmental agency having power of eminent domain is not admissible in a condemnation suit." It is true that in Gomez Leon v. State the evidence as to sales to the condemning authority was introduced by a condemning authority as direct evidence of value, whereas in this case it was elicited by the landowner on cross-examination of the condemning authority's witness. There may be situations in which testimony as to other sales in explanation of an expert's basis for arriving at an opinion as to value would be proper when the same testimony would be inadmissible as direct evidence of the value of the land in question. Thus, when a witness' only information as to the facts of other sales is hearsay, he may, nevertheless, give testimony as to those facts as the basis of his opinion as to value. State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207. However, the Supreme Court in Gomez Leon case said, "The rule of State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207 (1962) cannot thus be expanded to get inadmissible value evidence before a jury." Also in that case the court cited Menchaca v. San Antonio Ind. Sch. Dist., Tex.Civ.App., 297 S.W.2d 363, writ dismd., wherein it was held that the trial court properly sustained the condemnor's objection to the landowner's questions to witnesses on cross-examination as to other sales to the school district.

■ The State presents points of error based upon the admission, over objection, of testimony concerning sales of other properties allegedly comparable to the one involved here. The state of the record with reference to these points can be shown by a summary of some of the testimony of Mr. Sid Holdridge, an expert as to real estate values called as a witness by the landowner. This witness testified that he had made a comparative sales investigation wherein he had learned the facts concerning the sales of certain "equivalent" properties. He said that the one he considered, "most comparable" was the sale on May 1, 1967, of a tract described as "lots 1 through 12 in Block 735, Freeport." He identified, on a map, the location of this property. It was an unimproved 0.6 acre tract on a side street off Highway 288 with access to that

highway. It was about two miles from the condemned property and had the same traffic pattern as far as southbound traffic was concerned.

Having testified to these facts the witness was then asked the question as to the sale price. Thereupon the attorney for the State objected in the following language:

"Your Honor, we are going to object at this time, on the grounds that, one, it has not been proven to be a free and voluntary sale; two, he has not confirmed it with any of the parties to the transaction; three, we feel it is certainly not comparable in that it is possible they have zoning and paved streets in that area, and it lies within the confines of the City of Valasco."

Following this objection and without the court's having ruled, counsel for the landowner said:

"I can cure two of the objections."

Then, pursuant to questions from the landowner's counsel, the witness continued and testified that he had got his information from the deed records and had confirmed it with a dealer involved in the sale. He testified that the deed had on it $14.45 in Internal Revenue stamps, indicating a consideration of $13,000.00. Following this additional testimony the attorney for the State said:

"Further, we would bring to the attention of the Court it is described as to Lots 1 to 12 in this sale, and the subject matter is raw land, and there can be no similarity between subdivided and raw acreage, so we renew our objection."

The court overruled the objection.

The only evidence as to the comparability of the two tracts in the record at the time the court made this ruling was the testimony of the witness as summarized above. The court was neither obliged nor entitled to accept the facts recited in the objection by the State's attorney when there was no evidence to substantiate them. There was no request made to develop those facts by voir dire examination of the witness. On the basis of the evidence before the court at the time of its ruling, the trial court did not abuse its discretion in overruling the objection. Holcombe v. City of Houston, Tex.Civ.App., 351 S.W.2d 69, no writ hist.

Later, on cross-examination of the witness Holdridge, it was developed that this property, said to be comparable, was in a fairly well developed area which created an environment quite different from that which prevails at the intersection of Highways 288 and 322. However, no motion was made after this fact was developed in the record, to strike the previously admitted testimony or to instruct the jury not to consider.

What we have said with reference to the testimony concerning the sale of lots 1 through 12 in block 735 is largely true of the testimony concerning the sale of another tract described as block 762. The record fails to reflect any error in the trial court's overruling of the objection to such testimony because of the state of the record at the time of such ruling.

A third sale testified to by a witness for the landowner over the objection of the State involved a tract of land described as 1.541 acres out of the J. E. B. Austin Survey, Abstract 16, Brazoria County, Texas. This sale occurred on March 29, 1966. The consideration paid was $60,000.00. The tract was located at the intersection of State Highway 288 and State Highway 36. It is about three miles from the J. B. Arthur tract, on the other side of the populated area of the City of Freeport. It, too, was unimproved land and was bought for a filling station site. There are some differences in the environmental factors of the two sites, but there are also some similarities. Both are outside the principal development of the area and both are on intersections of highways carrying through traffic.

The court was not required to limit the testimony as to comparable sales to those relating to property in the immediate vicinity of the intersection of Highways 288 and 332. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. In determining whether tendered testimony as to comparable sales is admissible the trial court is vested with a broad discretion. Crouch v. State, Tex.Civ.App., 413 S.W.2d 141, no writ hist. We are of the opinion that this trial court did not abuse its discretion in admitting the testimony concerning the sale of the 1.541 acre tract in the J. E. B. Austin Survey.

■ The State's other point of error is the contention that the jury's verdict as to damages is excessive. That point of error is overruled.

The entire tract of land owned by Mr. Arthur before the taking, had a frontage on Highway 332 of 664'. It's depth at the east end was 230' and at the west end 175'. It's total acreage was 2.8. After the taking the front footage remained the same. The depth of the remainder at the east end was 143' and at the west end 42'. There remained 1.1 acres.

Two real estate experts testified for the landowner. One of them testified that the value of the owner's entire tract, before the taking, was 60¢ per square foot, and that the portion remaining after the taking was damaged to the extent that its value was reduced by 50%. By this testimony the land taken had a value of $44,483.00. The value of the remaining portion had a value before the taking of $29,324.00, and a value after the taking of $14,662.00. In regard to the remaining portion emphasis was placed on the fact that, after the taking, the land had a depth of only 42' at one end, thus limiting its usability. The other expert who testified in behalf of the landowner testified similarly except that he fixed a square foot value of 75¢ and a damage to the remainder of 30%. By his figure, the value of the land taken was $55,604.00 and the damage to the remainder was $10,996.00.

Three real estate experts testified in behalf of the State. Two of them testified that the value of the land taken was $10,000.00 per acre and that there was no damage to the remainder. By their testimony the damage to the landowner was $17,000.00. One of these witnesses admitted that he had appraised another tract at the same intersection about 600' from the Arthur tract at $25,000.00 per acre. The third expert to testify for the State said that the value of the land taken was $5,000.00 per acre and that there was no damage to the remainder. By his testimony the damage was $8,500.00. This witness admitted that he had previously expressed an opinion that land with frontage on Highway 332, as was the Arthur tract, had a value of $50.00 per front foot. This previously expressed opinion was, of course, entirely inconsistent with the testimony which he gave in the trial of this case.

Under this testimony we are of the opinion that the jury's findings of $33,362.55 as the value of the property taken (slightly less than $20,000.00 per acre) and $4,398.60 as the damage to the remainder, is not so excessive as to require a reversal.

■ There remains the determination of a most difficult question. We have held that the trial court erred in admitting the testimony on cross-examination of the State's expert witness, Sauer, concerning the sale of one of the tracts at the intersection to the state. We must yet decide whether that error was so prejudicial as to require a reversal. The question is, was there " * * * such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment * * ?" Rule 434, Texas Rules of Civil Procedure. As stated in Gomez Leon v. State, supra, 426 S.W.2d at p. 565, this decision is a " * * * judgment call to be made according to the reviewing court's 'opinion'

**582**

from a review of the entire record in the case. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191 (1949)." From a consideration of the testimony recited in discussing the State's point of error relating to excessiveness, together with the testimony as to comparable sales, and the many illustrative photographs, maps and charts in evidence, we are of the opinion that the error in admitting the testimony as to the sale of the condemning authority did not cause the rendition of an improper judgment. See Camp v. Commissioners' Court of El Paso County, Tex.Civ.App., 279 S.W.2d 927, writ ref., n. r. e.

The judgment of the trial court is affirmed.