**The STATE of Texas, Appellant,**

**v.**

**F. R. DEHNISCH et al., Appellees.**

**No. 432.**

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 31, 1968.

perfected its appeal basing its points of error on the legal and factual insufficiency of the evidence to support the judgment awarding damages for the part taken.

Four witnesses testified relative to their opinions as to the market value of the land taken in condemnation—two for the State, and two for the landowner. The State's expert witnesses testified that the market value of the part taken was $31,416.00 and $30,479.00 respectively. The appellees' expert witnesses testified that the market value of the part taken was $44,500.00. Appellee Dehnisch testified that the market value was $51,234.00 for the part taken. The jury found $50,000.00. It is from this finding of the jury that the State has perfected this appeal contending no evidence, insufficient evidence, that the judgment is contrary to the overwhelming weight and preponderance of the evidence, and that the court erred in not granting a remittittur in the sum of $5,500.00 (the difference between the value set by appellees' expert witness, i.e. $44,500.00, and the amount found by the jury, i.e. $50,000.00).

William R. Travis, Asst. Atty. Gen., Austin, for appellant.

Burnett, Burnett & Joseph, Wm. G. Burnett, Sinton, for appellees.

## OPINION

NYE, Justice.

This is a condemnation case brought by the State of Texas against F. R. Dehnisch and wife, residents of San Patricio County, Texas. The State condemned approximately eleven acres of land out of a farm tract of approximately 112 acres fronting on Highway 9 near Mathis. The land is to be used in the construction of Interstate Highway No. 37. Included as a part of the land condemned is the home of the appellees. The case was tried before a jury who awarded the appellees $52,375.00 (for the part taken $50,000.00 and damages to the remainder $2,375.00). The State has

Since all of appellant's points are related to the evidence as to the value of the part of property taken, it is necessary that we give a short statement concerning the testimony on this point. The appellee testified that he was the owner of the land involved in the taking. His home was built of Austin stone and in the ranch type style. The pictures of the home introduced into evidence, show that it was built with a circular driveway in front and a straight driveway to the back. The yard had carpet grass and was appointed with shrubs, trees and plants. The house had over 2,400 square feet, plus a two-car garage. There were three bedrooms, two baths, a living room, dining room, family room, a breakfast room, kitchen, and utility room. The testimony was that it was well built and in excellent condition. The house was equipped with terrazzo floors and carpeting, central air conditioning and central heat. The property was located about a mile from the city of Mathis. An aerial

map of the surrounding area, together with other testimony, clearly indicates that the location was best suited for rural residential homesites and for commercial building sites.

■ The State challenges the qualifications of the appellee to testify concerning the value of his property. It is appellant's contention that Dehnisch's testimony as to the value of the part taken, is a mere naked conclusion unsupported by any factual basis. This, the State says, constitutes no evidence, or at most insufficient evidence to support the jury's answer to the special issue. Citing Commonwealth Department of Highways v. Fister, 373 S.W. 2d 720 (Ky.Comm.App. 1963). It is the settled law in the vast majority of all jurisdictions that the owner of real property is ordinarily held competent to testify as to its value. 32 C.J.S. Evidence § 546(120), p. 470, et seq. In Texas it has been held repeatedly that a landowner's opinion on the value of his lands is admissible if he knows the market value of his land on or about the date of the taking. City of Teague v. Stiles, 263 S.W.2d 623 (Tex. Civ.App.-Waco 1953, n.r.e.); City of Houston v. Collins, 310 S.W.2d 697 (Tex.Civ. App.-Houston 1958); and Oliver v. Corzelius, 223 S.W.2d 271 (Tex.Civ.App.2d Paso 1949); Texas Law of Condemnation by Rayburn, § 128, p. 404–5.

The appellee testified that he knew the market value of his farm as of the date of the taking. He testified that the value of the part taken including improvements, was $51,234.00 and that to him the highest and best and most practical use of this part was for a homesite, and commercial sites. He testified that there were commercial sites immediately across the highway from him, and one up the road some 400 yards. In describing his home in detail he stated that it was twelve years old; that he didn't include any sentimental attachments to the value of the house but figured the basis of the market value of the house at $36,973.00 and to the land at $14,261.00. He stated that he arrived at this market value of the

house at what it would cost him to replace it, less depreciation. He testified that in his opinion the market value of the land in the taking amounted to $1,300.00 an acre. When asked what he meant by the term "market value", the appellee testified: "Well, I consider market value what I'd be willing to take for that land if I wanted to sell it but didn't have to sell it, and someone that wanted to buy it and didn't have to buy, and that's the cash value of it." The State argues that the witness was not qualified to testify as to market value. The State further contends that since all of the expert witnesses testified to a lower market value than that testified to by the appellee, it is clear that he did not meet the tests of a qualified witness so as to express an opinion of market value of the property. In this connection the appellee admitted that he did not know of any land sales in the immediate area that had sold for as much as $1300.00. However, one of the expert witnesses testified that he had figured comparables in the area with ranges in prices up to $2000.00 per acre. That concerning one particular commercial piece of property across the highway from appellee's property, the witness stated that appellee's property was more valuable than this commercial property and that prices had gone up since it was sold in 1960, even though it sold for considerably less than $1300.00 per acre at that time. Appellee did testify that he knew the value of other land in the area, knew what the commercial property across the road and down the road sold for. He concluded that he would have asked $51,234.00 for his land if he had sold it and would also have expected to have paid that amount if he was a purchaser wanting to buy it who didn't have to buy it.

■ It is apparent to us that the landowner knew the value of his land, knew the market value on the date of the taking, and knew the market value of land in the area. State v. Jacobs, 390 S.W.2d 482 (Tex.Civ.App.-Waco, 1965, n.r.e.); State v. Sides, 348 S.W.2d 446 (Tex.Civ.App.-

Dallas, 1961, n.r.e.); State v. Loessin, 343 S.W.2d 494 (Tex.Civ.App.-Austin, 1961, n.r.e.). Appellant urges here that the witness must show the basis for his opinion of market value as a predicate for the admissibility of his testimony and that if he fails to do so his testimony lacks probative value and is no evidence of market value whatsoever. This contention is without merit. If the State had believed that Mr. Dehnisch was not qualified to give testimony as to market value of the land it was incumbent upon the State to develop these facts evidencing a disqualification by voir dire. State v. Sides, supra; City of Trinity v. McPhail, 131 S.W.2d 803 (Tex.Civ.App.-Galveston 1939). It is a familiar rule of law that the failure to object to the witness's incompetency operates as a waiver to the witness's qualifications and may not be raised for the first time on appeal. McCormick & Ray, Evidence, § 255, p. 251. The State made no objection or request for voir dire examination in this case. We hold that the appellee was qualified to express his opinion as to value and that his testimony furnishes ample evidentiary support for the findings of the jury in response to the special issue.

 It is a well settled rule that it is within the province of the jury to determine the credibility of the witnesses and the weight to be given to their testimony. Royal v. Cameron, 382 S.W.2d 335 (Tex.Civ.App.-Tyler 1964); Russell Coleman Oil Mill v. San Antonio, U. & G. R. Co., 37 S.W.2d 165 (Tex.Civ.App.-San Antonio 1931); City of Fort Worth v. Estes, 279 S.W.2d 687 (Tex.Civ.App.-Ft. Worth 1955). In order to consider appellant's point that the jury's answer to special issue number one is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust, we must consider and weigh all the evidence in the record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); Coastal Transmission Corporation v. Lennox, 331 S.W.2d 778 (Tex.Civ.App.-San Antonio 1960). It must clearly

appear that it is wrong so as to induce the appellate court to set it aside. Missouri-Kansas-Texas R. Co. of Texas v. Anderson, 258 S.W.2d 375 (Tex.Civ.App.-Waco 1953).

We have read the entire record and are satisfied that there is sufficient evidence from all of the various expert witnesses to show the condition of the land, the type of house and the land uses in the surrounding area. We hold that it was within the province of the jury to determine that the value of the property taken was $50,000.00. This would be within the limits of the testimony of the witnesses. We do not believe the damages assessed by the jury to be excessive. We will not substitute our judgment of values for that of the jury, which had before it, competent evidence as to damage. Tarrant County Water Control & Improvement District No. 1 v. Hubbard, 426 S.W.2d 330 (Tex.Civ.App.-Tyler 1968) and cases cited therein. Appellant's points are overruled.

Judgment of the trial court is affirmed.