**TRINITY RIVER AUTHORITY OF TEXAS,**
Appellant,

v.

**E. G. BARRETT et al., Appellees.**

No. 16150.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 28, 1973.

Smither & Martin, Lloyd C. Martin, Huntsville, Clark, Thomas, Denius, Winters & Shapiro, Mary Joe Carroll, Austin, for appellant.

Joe J. Newman, Houston, Joe L. Price, Trinity, for appellees.

EVANS, Justice.

This condemnation action was initiated by appellant, Trinity River Authority, to acquire for the Lake Livingston project appellees' three tracts of land in Trinity County totaling 157.75 acres. Appellant's first two points of error assert that the trial court erred in denying its motion in limine and in instructing that the date of valuing the market value of appellees' property would be the date of taking, rather than an earlier date when appellant first issued its resolution announcing the acquisition of lands for the Lake Livingston project. In its third point appellant asserts error of the trial court in admitting in evidence the testimony of appellees' expert witness based upon certain comparable sales which it contends were directly influenced and enhanced by the project itself.

Appellant's first two points are based upon the proposition that every sale of land in Trinity County within the general area of Lake Livingston subsequent to the date of filing of its January 1, 1966 resolution was directly influenced and enhanced by the Lake Livingston project. Appellant argues that the only effective method of avoiding the impact of such enhancement

was by designation of the date of its resolution as the date of determining market value.

Article I, Sec. 17, of the Constitution of the State of Texas, Vernon's Ann.St., provides:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

A person's property is taken within the meaning of the Constitution when his title and right of use are acquired, and until that time he is entitled to any general enhancement in value and must suffer the loss of any depreciation. G. C. & S. F. Railway Company v. Lyons, 2 Willson Civ. Cases, Court of Appeals 139 (1884). Where, as in the instant case, the condemnor makes its deposit pursuant to the commissioners' award, the date of such deposit is considered the date of taking and likewise the date for determining the market value of the property taken. Naumann v. Urban Renewal Agency, 411 S.W.2d 803 (Tex.Civ.App.1967, n.r.e.); Uehlinger v. State, 387 S.W.2d 427 (Tex.Civ.App., Corpus Christi 1965, writ ref'd n.r.e.).

It is, of course, the general rule that valuation evidence should not include any enhancement occasioned by the facility itself. Barshop v. City of Houston, 442 S. W.2d 682 (Tex.Sup.Ct.1969). However, the admission and exclusion of evidence may best be controlled by the trial court during trial and by appropriate instruction to the jury. See Uehlinger v. State, 387 S.W.2d 427, 434 (Tex.Civ.App., Corpus

Christi 1965, ref'd n.r.e.); City of Fort Worth v. Corbin, 491 S.W.2d 468 (Tex. Civ.App.1973, writ applied for). We hold that the trial court properly refused appellant's motion in limine and determined the date of valuation to be June 22, 1970, the date of taking. Appellant's first two points of error are overruled.

We next consider appellant's third point of error. The trial court instructed the jury that in determining market value as of the date of taking it should exclude from its consideration any increase in market value resulting from the announcement of or the plans for the construction of the proposed project. Appellant made no objection to the court's charge but contends that the giving of this instruction did not cure the error caused by the admission of evidence of sales which it claims were directly influenced by the project. In considering this point, we have read the entire record and have considered not only the evidence offered on behalf of the condemnee but also that offered on behalf of the condemnor. Rules 434 and 503, Texas Rules of Civil Procedure; Roosth & Genecov Prod. Co. v. White, 281 S.W.2d 333 (Tex.Civ.App., Texarkana 1955, ref'd n.r. e.); State v. Arthur, 435 S.W.2d 577 (Tex. Civ.App., Houston, 14th 1968, n. w. h.).

Appellees' testimony consisted of appellee, E. G. Barrett, and one expert witness, Mr. Charles C. Stalley, Jr. Mr. Barrett testified that his property was high quality farm land and after testifying that he was familiar with the market value, he gave his opinion, as an owner, that as of the date of taking its market value was in the amount of $1250.00 per acre. His testimony was, of course, admissible as proof of the market value of his property being taken. City of Houston v. Collins, 310 S. W.2d 697 (Tex.Civ.App., Houston 1958, n. w.h.). Mr. Stalley qualified as an expert witness and gave his opinion that the highest and best use of the property was for agricultural purposes. After reviewing a number of comparable sales he had consid-

ered in arriving at his opinion of value, Mr. Stalley gave his opinion that as of the date of taking the three tracts of land had a market value as follows:

60 acres, $1000 per acre
74.15 acres, $950 per acre
23.6 acres, $1100 per acre.

Appellant's two expert witnesses gave testimony as to comparable sales they had considered and then gave their opinions of market value as of the date of taking as follows:

Jerry Dominey, $380 per acre for all three tracts
T. A. Cauthan, $350 per acre for all three tracts

The jury, in response to the special issues submitted, arrived at a market value for all three tracts as of June 22, 1970, the date of taking, which computes to a value of $750 per acre.

The comparable sales considered by appellees' witness, Mr. Stalley, were as follows:

1. A sale of 62.54 acres from Clark to Calhoun located "just northeast of the subject property" sold in December, 1964 for $500 per acre. Three or four acres of this land were subsequently taken by appellant for the Lake Livingston project and the deed from Clark to Calhoun indicated that the parties contemplated the land would have lake frontage. However, the date of the sale was prior to the January 1, 1966 resolution which first fixed the meanders for the proposed lake project and Mr. Stalley testified that his projected valuation was not influenced by the project.

2. A sale of 62.06 acres from Kennedy to Security North Corporation in November, 1969 for $750 per acre. Mr. Stalley testified this was agricultural property located between one and two miles from the subject property and a similar distance from the lake; that its projected value as of the date of taking was $900 per acre. Although the date of this sale was of course subsequent to the date of the filing of the January 1, 1966 resolution, there was no showing that the sale was directly influenced by the lake project, except as might be inferred from its general proximity.

3. A sale from Ethredge to Spain of 20 acres in March, 1964, for $420 per acre. Mr. Stalley testified this tract was about 6½ miles from the subject property and about the same distance from the lake. He said this was pasture land with certain improvements which he said were excluded in making the valuation of the land. Mr. Stalley gave his opinion that the projected value of this property to the date of taking was $975 per acre which he said was not influenced by the lake project.

4. A sale from Patrick to Taver of 69.304 acres in October, 1965, at a sales price of $800 per acre. Mr. Stalley testified this tract was partially open and partially timber and was comparable to appellees' land. He said this tract was located on a farm-to-market road and was due south of and across the lake from appellees' land. Apparently this land was located on a road leading to the lake and was about 4 or 5 miles from the lake. Mr. Stalley projected the value of this tract to the date of taking to be $1485 per acre, without any increase due to the lake facility itself.

5. A sale from Spear to Williams of 19.36 acres in March, 1967 for $440 per acre. Mr. Stalley testified this was good bottom land used partially for a homesite and partially for pasture land and was about 12 miles from the subject property. Its distance from the lake was not indicated except that it was shown located adjacent to the City of Trinity. Mr. Stalley testified that the lake project had no influence on his valuation of the property and he projected a value to the date of taking at $800 per acre.

6. A sale from Kennedy to Bridges of 26 acres in March, 1967 for $500 per acre. Mr. Stalley testified this property was comparable to appellees' land and was located adjacent to appellees' property. Mr. Stalley projected a value of this property to the date of taking of $850 per acre.

In reviewing the record we note that only with respect to the first two sales listed did appellant make specific objection that such sales had been directly influenced by the Lake Livingston project. This objection was properly overruled as to the first sale because the date of such sale was prior to the date of appellant's resolution which first publicly established the boundaries of lands being acquired for the proposed project. As to the second sale, we do not find in the record any proof that the sales price was enhanced by the Lake Livingston project. While the statement of facts indicates certain maps were introduced as exhibits during the trial, they are not part of the record and the only description of the tract sold by Kennedy to Security North Corporation was that it was within one or two miles of the subject property and some similar distance from the lake.

■■ The admissibility of evidence of comparable sales is a matter within the discretion of the trial court and we cannot say that the trial court abused its discretion in this case. City of Houston v. Collins, 310 S.W.2d 697 (Tex.Civ.App., Houston 1958, n. w. h.); Taub v. Houston Ind. School Dist., 339 S.W.2d 227 (Tex.Civ.App., Eastland 1960, ref'd n. r. e.); Trinity River Authority v. Hutchings, 437 S.W.2d 383 (Tex.Civ.App., Beaumont 1969, n. w. h.). Appellant's objections to each of the remaining four sales were upon grounds other than that the lake project had directly influenced the sale and resulted in specific enhancement to the value reflected thereby. There was one general objection made by appellant to the giving of the witness's opinion of value on the grounds that such opinion violated the laws of the State with respect to valuation and was erroneously founded and improper; however, neither this objection nor appellant's motion in limine raised a point of error for our determination in the absence of appropriate objection made at the time the evidence was offered. Hartford Accident & Indemnity Co. v. McCardell, 369 S.W.2d 331 (Tex.Sup.1963).

■ We are of the opinion that the trial court did not err in admitting appellees' evidence of comparable sales. We further hold that the record, when considered as a whole, does not reflect that such evidence, even if admitted in error, was calculated to cause and probably did cause the rendition of an improper judgment. As stated above, the degree of comparability of sales evidence in cases of this nature is a matter left largely to the discretion of the trial court. See also State v. Childress, 331 S.W.2d 230 (Tex.Civ.App., Eastland 1959, ref'd n. r. e.). In this case not only did appellees' witness, Mr. Stalley, testify that his evaluation of the properties in question was not based upon or influenced by the lake project, but the trial court expressly instructed the jury that it should exclude from its consideration any increase in market value resulting from the announcement of or the plans for the construction of the proposed project. Appellant made no objection to this instruction and we believe it was properly given by the trial court. City of Austin v. Bergstrom, 448 S.W.2d 246 (Tex.Civ.App., Austin 1969, ref'd n. r. e.). The jury must be presumed to have obeyed this instruction and disregarded any evidence, or inferences therefrom, which were contrary to such instruction. Patranella v. Scott, 370 S.W.2d 922 (Tex.Civ.App., Waco 1963, n. w. h.); City of Houston v. Collins, supra. We find ample evidence in support of the jury's verdict, aside from any evidence of sales which could be said to have been influenced by the project itself, and under the circumstances we are of the opinion that the court's instruction effectually eliminated any danger of prejudice. See

Dennis v. Hulse, 362 S.W.2d 308 (Tex. Sup.1962).

A review of the comparable sales relied upon by appellant's expert witnesses indicates a wide range of property values in Trinity, Waller and Polk Counties during the nine year period from 1963 to 1972. The properties considered varied considerably as to location, size, improvements, soil fertility, access and use. There was considerable testimony from all three appraisers as to the proper factors to be emphasized in valuing these properties. All three expert witnesses seem to agree that Trinity County lands had increased in value over the years but there was disagreement as to the reasons for such increase and as to the appropriate percentage factor to be applied in appreciating their value per annum. Mr. Stalley testified that in his opinion 20% per annum was the correct factor; Mr. Dominey testified to a rate of 13% per annum, and Mr. Cauthan testified to a 10% per annum factor. There was also considerable discussion by the appraisers and some disagreement between them as to the relative worth of smaller tracts as opposed to larger tracts and as to the best use of high fertility river bottom land, i. e., whether it should be considered agricultural rather than rural subdivision property.

The jury was at liberty to determine the credibility of the witnesses and the weight to be given their testimony. The maps and photographs showing the relative location of the properties discussed by these witnesses were before the jury, and the jury and the trial court were in much better position than we to weigh and determine the testimony with respect to these properties. The jury's verdict was well within the limits of the testimony of the witnesses, and we will not substitute our opinion of values for that of the jury. State v. Dehnisch, 437 S.W.2d 46 (Tex. Civ.App., Corpus Christi 1968, n. w. h.); State v. Sides, 348 S.W.2d 446 (Tex.Civ. App., Dallas 1961, writ ref'd n. r. e.).

We should further point out that appellees' expert witness, Mr. Stalley, upon giving his opinion of the value, did not limit himself to any particular comparable sale but on the contrary testified that he had also considered numerous other sales concerning which he was prepared to testify. Moreover, Mr. Stalley testified that in arriving at his evaluation of appellees' property and in his adjustment of values with respect to the comparable sales he considered, he expressly excluded from his consideration any enhancement in value due to the Lake Livingston project. Therefore, in this case not only was there a specific instruction by the trial court to the jury, unlimited as to time, that the jury should not consider any enhancement resulting from the project itself, but the testimony of appellees' witness specifically followed the court's instruction. In this respect this case is strikingly similar to Trinity River Authority v. Chain, 437 S.W.2d 887 (Tex. Civ.App., Beaumont 1969, ref'd n. r. e.), where the same condemnor filed motion in limine to exclude sales of land lying within two miles of Lake Livingston, contending that any sales within such distance should conclusively be deemed enhanced by the proposed improvement. The trial court first sustained the condemnor's motion but during the trial reversed its ruling and admitted evidence of a sale within 1500 feet of the proposed lake. The condemnees' expert witnesses testified that such sale was comparable and denied it was enhanced by the plans for or construction of Lake Livingston. In affirming the judgment of the trial court the Beaumont Court of Civil Appeals, through Chief Justice Parker, said at 437 S.W.2d 894:

"The values found by the jury in this case were within the range of the highest and lowest valuation figures testified to by the various witnesses. Cases holding the jury's determination of value are not limited to prices of one or more 'comparables', or comparable sales admitted into evidence are too numerous to

comment. See Vander Weg v. State, 413 S.W.2d 118 (Tex.Civ.App.1967, error ref. n. r. e.) and cases cited. The court, in its charge, specifically excluded from the jury's consideration any increase in market value, if any, resulting from the announcement of plans for and construction of Lake Livingston."

The Court then further commented:

". . . The growth of Houston in the last several years with the desire of its inhabitants to have a place in a rolling country with trees and streams, has caused a substantial increase in value of lands in the Livingston area. Very few sales of land in the immediate area of the condemned property are to be found."

Appellant's third point of error based upon the asserted error of the trial court in admitting evidence of sales allegedly enhanced in value by the Lake Livingston project is overruled.

In view of our holding with respect to the foregoing matters, and since appellees did not object to the court's instruction as being unlimited as to time, we find it unnecessary to discuss the questions raised by the briefs as to whether there was proof that appellees had actual or constructive notice of the proposed taking and as to whether there was delay or uncertainty with respect to the time and extent of the proposed acquisition entitling appellees to enhancement value resulting from the project itself. See City of Fort Worth v. Corbin, 491 S.W.2d 468 (Tex.Civ.App. 1973, writ applied for); City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503 (1947); Fuller v. State, 461 S.W.2d 595 (Tex.Sup.1970); Barshop v. City of Houston, supra; Euhlinger v. State, supra; Trinity River Authority v. Boone, 454 S. W.2d 258 (Tex.Civ.App., Houston, 1st Dist., 1970, n. w. h).

We affirm the judgment of the trial court.