**CITY OF CORPUS CHRISTI, Appellant,**

v.

**Ruth M. JUERGENS et al., Appellees.**

**No. 1180.**

Court of Civil Appeals of Texas, Corpus Christi.

June 30, 1977.

Rehearing Denied Aug. 31, 1977.

Gerald L. Benadum, R. W. Coffin, Asst. City Attys., Corpus Christi, for appellant.

Guy H. Allison, Jack K. Dahlberg, Jr., Corpus Christi, for appellees.

OPINION

YOUNG, Justice.

This is an eminent domain proceeding brought by the City of Corpus Christi against Ruth M. Juergens. The appellant, City, brought suit against the appellee, Mrs. Juergens, to condemn title and possession of 13,000 square feet of undeveloped North Beach bayfront property. The land is to be

used as a public park and is being developed under the Corpus Christi Beach Park Project.

Trial was to a jury on the issue of the market value of the subject land. The jury found that value to be $52,390.00. The trial court rendered judgment against the City for that amount. The City has perfected its appeal basing its points of error on legal and factual insufficiency of the evidence to support the judgment for the property taken and the trial court's failure to grant remittitur.

Since all of appellant's points are related to the evidence as to the value of the property taken, it is necessary for us to examine the testimony on value. Four witnesses testified on the market value of the subject property, two for the City and two for Mrs. Juergens. The State's expert witnesses, Mr. Carr and Mr. Dorsey, set the value at $14,950.00 and $22,750.00 respectively. Mr. Clower, an expert witness called by Mrs. Juergens, set the value at $32,500.00. All of these estimates were based upon comparable sales in the area. The experts, however, did not agree on which area sales should be used to establish the market value of Mrs. Juergens' land. Mrs. Juergens testified that in her opinion the land was worth $100,000.00. So the jury finding was more than the opinion of value of any of the three experts but less than that of the owner.

The City here challenges the qualifications of Mrs. Juergens to testify concerning the value of her property, although it made no such challenge in the trial court. The City contends that Mrs. Juergens' testimony as to market value is a mere naked conclusion unsupported by any factual basis and therefore has no probative force and will not support a jury finding. In this regard, the City cites *Dallas Railway & Terminal Company v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956); *City of Houston v. Lakewood Estates, Inc.*, 429 S.W.2d 938 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.). As a general rule, however, a landowner may testify to the value of his land if he knows the market value on or about the date of the taking. And if the condemnor fails to object in the trial court to a witness' competency, he waives the witness' qualifications. *State v. Dehnisch*, 437 S.W.2d 46 (Tex.Civ.App.—Corpus Christi 1968, no writ) and cases cited therein. Also, the fact that the condemnor on cross-examination elicits doubt and uncertainty from the condemnee only goes to the weight of the condemnee's testimony with the jury. *State v. Rankin*, 445 S.W.2d 581 (Tex.Civ.App.—Corpus Christi 1969, no writ).

Mrs. Juergens testified that she knew the market value of her land as of the date of the taking. She testified that the value of the land taken was $100,000.00. She based this estimate of value on the sale price of the Breakers Hotel site and a land exchange deal offered by Forrest Allen and Company. The Breakers Hotel was a much larger tract of land south of Mrs. Juergens' property and fronting on the bay. That property was sold for $3.00 per square foot. To arrive at her value Mrs. Juergens used this figure and the real estate valuation concept which gives that portion of a tract of land situated on the water a greater value than the remaining land. The property of Mrs. Juergens comprised two unimproved lots both of which fronted on the bay resulting in a two lot frontage with a one lot depth. Some of the other experts confirmed this method of increased evaluation of the front part of the property. Based on this theory Mrs. Juergens allotted one-half of the purchase price of the Breakers Hotel to the first one-third of the property fronting on the bay. The purchase price of the Breakers' property was $500,000.00.

Mrs. Juergens also testified, without objection that in the Spring of 1973 she had been offered in trade for her land a three bedroom, two bath condominium unit by Forrest Allen and Company. She said the condominium had a value of $58,500.00. Mrs. Juergens had agreed to this deal but it was not closed because the Company could not get the City's permission to block off a street. In connection with this transaction

Mrs. Juergens testified to the tax benefits she would have received. With a trade there would be no tax liability. There could be on a cash sale. All of the experts testifying agreed that highest and best use of this property was as a condominium and that there was a tax advantage in trading the property rather than selling it for cash.

Further corroboration of Mrs. Juergens testimony can be found in the testimony of the three experts. Each expert indicated that the value of a small tract of land would be higher per square foot than that of a similar larger tract. This supported Mrs. Juergens' testimony in making a comparative valuation between her property and the Breakers Hotel site. The experts also testified that there was an upward trend in property prices which required an upward adjustment of value when determining market value of property.

It is apparent, therefore, that Mrs. Juergens knew the value of her land, the market value at the date of taking and the value of land in the area. *State v. Dehnisch, supra,* and cases cited therein. Appellant's contention that there was no evidence to support the jury findings is overruled.

■■■ Appellant also contends that the jury's answer is so against the great weight and preponderance of the evidence as to be unjust. In resolving this contention it is necessary that this Court consider and weigh all of the evidence in the record. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). After considering the entire record if we determine that the jury's finding clearly appears to be wrong, it is our duty to set it aside. *State v. Dehnisch, supra. Royal v. Cameron,* 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). It is also a well settled rule that the jury is the judge of the credibility of the witnesses and the weight to be given their testimony. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962); *State v. Dehnisch, supra.*

■■■ We have reviewed the entire record and are satisfied that there is ample evidence to support the jury's finding of $52,390.00, and that this value is clearly within the limits of the testimony within the record. And we believe that the damages are not excessive. We will not, therefore, substitute our judgment of value for that of the jury. *State v. Dehnisch, supra. Tarrant County Water Control & Improvement District No. 1 v. Hubbard,* 426 S.W.2d 330 (Tex.Civ.App.—Tyler 1968, rev'd on other grounds, 433 S.W.2d 681). Appellant's points are all overruled.

The judgment of the trial court is affirmed.